Merrimack
No. 85-155

THE STATE OF NEW HAMPSHIRE

v.

NANCY MCPHERSON

April 11, 1986

*Stephen E. Merrill,* attorney general (*Robert B. Muh,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, J.   After a jury trial, the defendant was convicted of welfare fraud, RSA 167:17-b, I(d) (Supp. 1985), and in this appeal claims that the Trial Court (*Cann,* J.) erroneously excluded, as hearsay, statements that she had made to a neighbor. For the reasons that follow, we reverse and remand for a new trial.

The defendant was convicted for purposefully failing to disclose to the State Division of Welfare the fact that she was simultaneously receiving unemployment compensation and AFDC benefits, a disclosure which would have substantially reduced her benefits.

At trial, Ms. McPherson mounted a two-pronged defense against the charge. First, she claimed that she thought the State Division of Welfare had been properly informed through the City of Concord welfare office of her receipt of unemployment compensation. Second, she claimed that she thought the money she was receiving through the State Division of Welfare constituted child support from her ex-husband, since she had assigned over $3,000 in support arrearages to the division of welfare and had been informed by a case technician that any further child support would be funneled to her through that office. Given the structure of her defense, Ms. McPherson's criminal intent or lack thereof was crucial, since RSA 167:17-b, I(d) (Supp. 1985) states:

> "[No person shall] [i]ntentionally fail to disclose the receipt of property, wages, income or resources or any change in circumstances which would affect his eligibility for assistance or his initial or continued right to any benefit or payment for the purpose of receiving any assistance, benefit or payment under RSA 167 or RSA 161 to which he is not entitled."

Thus, any evidence tending to show that the defendant did not intend to defraud the State welfare office would be important to her defense.

Defendant's counsel attempted to introduce, through a neighbor, evidence of Ms. McPherson's statements to the neighbor to the effect that she was receiving child support checks from the division of welfare. In reality, those checks constituted State welfare assistance. The trial court excluded this evidence on the ground that the statements were hearsay and not encompassed by the state of mind exception to the hearsay rule. The defendant contends on appeal that the statements were not hearsay. Alternatively, she asserts that if the statements were hearsay, they fell within the state of mind exception to the hearsay rule.

At the outset, we note that defendant's appellate counsel maintained that it was impossible to tell from the trial record exactly what the testimony of the neighbor, Jacqueline Abodaca, would have been, since the only evidence of those statements was an offer of proof made by defense counsel at the time of Ms. Abodaca's testimony. We disagree. During a colloquy with the court at the time of the State's objection, defendant's counsel asserted that Ms. Abodaca

would testify that the defendant told her on several occasions, "'I am still getting child support checks[.]'" Counsel maintained that the statements were not hearsay because they were not offered to prove the truth of the matter asserted, and that, if the court considered them to be hearsay, they would fall within the state of mind or excited utterance exception to the hearsay rule. The court sustained the State's objection, stating "I don't see how the statement you want to elicit is going to show what the defendant's state of mind was. I think that is a tenuous argument." What the proffered testimony would have been appears to us clear from the record, and we will deal with it on that basis.

██ "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement, . . . and is generally inadmissible unless it falls within one of the many exceptions which provide for admissibility." *State v. Marcotte*, 124 N.H. 61, 64, 466 A.2d 949, 951 (1983) (citations omitted). *Compare* N.H. R. Ev. 801(c). Whether a statement constitutes hearsay or whether it is admissible under one of the exceptions to the rule are questions for the trial court. However, we may reverse a decision below where it is clearly erroneous. *See State v. Shannon*, 125 N.H. 653, 659, 484 A.2d 1164, 1170 (1984) (citation omitted).

█ We believe the trial judge clearly erred in his determination that the proffered statement, allegedly made on more than one occasion, that "I am still getting child support checks", was hearsay. There is no question that the statements were made out of court; however, they were not offered for their truth value, but rather as evidence of the defendant's belief as to the source of the money she was receiving from State welfare. In other words, the statements sought to be introduced were offered, not to show that the defendant was in fact receiving child support checks, which was patently not the case, but, rather, to show that she thought she was receiving child support and not AFDC, and thus did not intend to defraud the State.

█ The State argues that even if the trial judge did err in excluding the proffered statements, the error was harmless. However, "[t]he burden of establishing that error in a criminal proceeding is harmless beyond a reasonable doubt rests on the State," *State v. Bushey*, 122 N.H. 995, 1000, 453 A.2d 1265, 1268 (1982) (citation omitted), and we do not believe the State has met this burden. The State claims the evidence against the defendant was substantial and the excluded statements were merely cumulative. While evidence of the defendant's guilt may properly be characterized as substantial,

it was not overwhelming. In addition, we do not agree that the proffered testimony was merely cumulative. Moreover, we cannot say that, had the evidence been admitted, it would have had no effect on the jury's verdict. *Cf. State v. Ruelke*, 116 N.H. 692, 694, 366 A.2d 497, 498 (1976).

█ Thus, we hold that the exclusion of these statements was clearly erroneous and that the exclusion was not harmless error. We therefore reverse and remand for a new trial.

*Reversed and remanded.*

All concurred.