Merrimack
No. 86-328

### THE STATE OF NEW HAMPSHIRE

v.

### THOMAS E. PUGLIESE a/k/a TOMMY CLARK

June 8, 1987

*Stephen E. Merrill,* attorney general (*Andrew W. Serell,* attorney, on the brief), by brief for the State.

*Ronald Ian Segal,* of Concord, by brief for the defendant.

SOUTER, J. While testifying on direct examination during his trial for receiving a stolen flat-bed trailer, *see* RSA 637:7, I, the nineteen-year-old defendant indicated that he had been driving tractor-trailers lawfully since the age of sixteen. After giving him an opportunity to correct his statement, the prosecutor showed the court and defense counsel certified copies of records indicating that the defendant had been convicted on three separate charges of illegally operating a tractor-trailer, and requested permission to impeach the defendant on the basis of these convictions. Defense counsel objected that the convictions were not admissible for impeachment under Rule 609(a) of the New Hampshire Rules of Evidence. After the Superior Court (*Cann,* J.) overruled the objection, the defendant was cross-examined accordingly and was convicted. We affirm.

The class of prior convictions that may be used to attack a witness's credibility under Rule 609(a) is generally limited to convictions for felonies, N.H. R. Ev. 609(a)(1), and offenses involving "dishonesty or false statement, regardless of the punishment." *Id.* (2). Each of the defendant's three convictions was for the motor vehicle offense of driving a vehicle without an appropriate license, which is a violation for a first offense and a misdemeanor for any consecutive offense within twelve months. RSA 263:1 and :26. Because none of the convictions was for a felony, and none involved dishonesty, the

defendant argues that Rule 609(a) barred their use for impeachment.

If the State had simply used the convictions to impeach the defendant's general credibility, the argument would be sound. The apparent object of the rule is to set thresholds of significance that must be cleared before a conviction can be found to have enough probative force to justify general impeachment, and the convictions used in this case do not reach either the felony or the dishonesty threshold.

In this instance, however, the State did not use the convictions to attack general credibility, but rather to prove that the defendant gave a knowingly false answer under oath in response to his own counsel's question on direct examination. To apply Rule 609(a) to forbid reference to an otherwise relevant conviction for this purpose would convert a general rule of probative significance into a license to make affirmative misrepresentations and commit perjury without fear of contradiction.

The trial court soundly rejected such a reading of the rule and held in effect that the defendant's answer to his own counsel's question had opened the door to otherwise impermissible impeachment. *See State v. Crosman*, 125 N.H. 527, 531, 484 A.2d 1095, 1097–98 (1984). In so doing, the court took the same position recently advocated by a learned commentator upon the substantially identical Federal Rule of Evidence 609(a): "Rule 609 does not apply where evidencé of a conviction is being offered on a theory other than attacking the credibility of a witness. Defendant may open the door to use of a conviction if he seeks to portray himself as 'a clean-liver' when in fact he has been convicted in the past." 3 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 609-70, at 157–58 (1986). *See United States v. Gaertner*, 705 F.2d 210, 216 (7th Cir. 1983), *cert. denied*, 464 U.S. 1071 (1984) (once defendant put his character in issue by denying involvement in "drug thing," he opened the door to questions on his prior or present drug involvement); *United States v. Ebner*, 782 F.2d 1120, 1126 (2d Cir. 1986) (under Federal Rule of Evidence 609(b), defendant opened the door to use of earlier State securities fraud conviction by claiming that he had entered guilty plea to subsequent federal charge because of his lawyer's bad advice and undue influence).

We are mindful that the brief of defendant's counsel also seeks to demonstrate that the trial court's evidentiary ruling was erroneous when judged under *State v. Staples*, 120 N.H. 278, 415 A.2d 320 (1980), SUPER. CT. R. 68, and the fourteenth amendment, and we have examined the State's thorough response to each such claim.

Because, however, these issues were never raised below, where the defendant based his objection solely on Rule 609(a), they are not before us now. N.H. R. Ev. 103(b)(1).

*Affirmed.*

All concurred.