Hillsborough
No. 86-449

THE STATE OF NEW HAMPSHIRE

v.

ROBERT DUBE

August 8, 1988

*Stephen E. Merrill*, attorney general (*Cynthia L. White*, attorney, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

MEMORANDUM OPINION

BROCK, C.J. The defendant, Robert Dube, appeals his jury conviction on four counts of aggravated felonious sexual assault on his stepdaughter, RSA 632-A:2, and argues that the Superior Court (*Dalianis*, J.) erred in admitting certain alleged hearsay within hearsay testimony, and that such admission requires us to reverse his conviction and remand for a new trial. Finding no error, we affirm.

During direct examination at trial, the defendant's wife, who is also the victim's mother, testified about the circumstances under which she became aware of the alleged sexual assaults against her daughter. She testified that her older daughter relayed to her what the victim had said the defendant had done. Specifically, she stated, "And she [the older daughter] told me that—what Toby [the defendant] did to [the victim]." Defense counsel objected solely on hearsay grounds to the question eliciting this response. The prosecutor replied that the testimony was not being offered for its truth, but only "to show or serve as the basis for what [the mother's] reaction was." The court overruled defense counsel's objection. On cross-examination, defense counsel focused on the fact that, following her older daughter's revelation, more than twenty-four hours passed before the mother decided to call the police.

On appeal, the defendant claims, first, that it was error to admit the mother's testimony concerning the older daughter's statement because it was hearsay within hearsay, *see* N.H. R. Ev. 805, and, second, that the State failed to satisfy its burden of proving beyond a reasonable doubt that such testimony was harmless, *see State v. Judkins*, 128 N.H. 223, 226, 512 A.2d 427, 429 (1986); *State v. McPherson*, 127 N.H. 826, 828, 508 A.2d 1076, 1078 (1986).

The New Hampshire Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial . . . , offered in evidence to prove the truth of the matter asserted." N.H. R. Ev. 801(c); *see State v. Varagianis*, 128 N.H. 226, 230, 512 A.2d 1117, 1120 (1986); *Caledonia, Inc. v. Trainor*, 123 N.H. 116, 121, 459 A.2d 613, 616 (1983). Hearsay within hearsay is not excluded "if each part of the combined statements conforms with an exception to the hearsay rule. . . ." N.H. R. Ev. 805.

The defendant concedes that the victim's statement to the older daughter may be admissible as a prior consistent statement. N.H. R. Ev. 801(d)(1)(B). The defendant claims, however, that the matter asserted by the older daughter to the mother, that the defendant sexually assaulted his stepdaughter, could only have been elicited for its truth, since it had no other relevancy, and that its admission

was therefore error in violation of the rule against hearsay. The defendant's objection to the introduction of the statement at trial, however, was based only upon the rule against hearsay. No claim was made at the time that the evidence was not relevant, which it must be, before a hearsay inquiry may be made. N.H. R. Ev. 402.

On numerous occasions we have stated that where "an extrajudicial utterance is offered, not as an assertion to evidence the matter asserted, but *without reference to the truth of the matter asserted*, the hearsay rule does not apply." VI J. WIGMORE, EVIDENCE § 1766, at 250 (Chadbourn rev. 1976) (emphasis in original); *see also State v. Varagianis supra*; *State v. McPherson supra*; *Ellsworth v. Watkins*, 101 N.H. 51, 53, 132 A.2d 136, 138 (1957); *State v. Wentworth*, 37 N.H. 196, 217 (1858), *cited in* VI J. WIGMORE, *supra* at 251–52; *cf. State v. Ruelke*, 116 N.H. 592, 694, 366 A.2d 497, 498 (1976), *explained in State v. Varagianis supra* (statement clearly admitted for its truth and no other purpose). If evidence is not offered for the truth of the matter asserted, and it is not therefore hearsay, the general rule of relevancy applies. N.H. R. Ev. 402. Under that rule, "[e]vidence which is not relevant is not admissible" and "[a]ll relevant evidence is admissible," with certain exceptions; and this court recognizes the trial court's broad discretion in admitting relevant evidence "'except as limited by constitutional requirements or as otherwise provided by statute' or [by the New Hampshire Rules of Evidence or other rules]." *In re Allen Sanborn*, 130 N.H. 430, 545 A.2d 726 (1988) (quoting N.H. R. Ev. 402).

New Hampshire Rule of Evidence 103(b)(1) states that "a contemporaneous objection [must appear] of record, stating explicitly the specific ground of objection; all other grounds for objection shall be deemed waived." The rule requiring timely objections to alleged error at trial is designed to give the court an opportunity to correct any possible error. *State v. Cass*, 121 N.H. 81, 82, 427 A.2d 1, 2 (1981). While defendant's argument that the evidence was not relevant is therefore not before us, we observe that any such error, if it occurred, would have become harmless once defendant's counsel cross-examined the victim's mother with reference to the reasons for her delay in reporting the matter to law enforcement authorities.

*Affirmed.*

All concurred.