Rockingham
No. 87-283

THE STATE OF NEW HAMPSHIRE

v.

PHILIP SAULNIER

December 8, 1989

*John P. Arnold,* attorney general (*Andrew W. Serell,* assistant attorney general, on the brief and orally), for the State.

*McManus & Stiles P.A.,* of Dover (*Anthony A. McManus* on the brief and orally), for the defendant.

BROCK, C.J.   The defendant appeals his conviction after a jury trial in the Superior Court (*Gray,* J.) on three counts of possession of a controlled drug, marijuana, in violation of RSA 318-B:2 *et seq.* Specifically, the defendant was charged with possession of a controlled drug with intent to sell, transportation of a controlled drug, and possession of a controlled drug, subsequent offense.

Although the defendant admitted his guilt with respect to the three charges, he raised the affirmative defense of entrapment pursuant to RSA 626:5. The jury found him guilty as charged.

On appeal, the defendant challenges the trial court's ruling excluding as hearsay certain testimony of a defense witness. He argues that the intended testimony, although hearsay, was admissible under the "state of mind" exception, as tending to show lack of predisposition, the crucial element of an entrapment defense. We find no error and affirm the defendant's conviction.

An evidentiary ruling excluding evidence is not preserved for appeal unless the record discloses a contemporaneous offer of proof indicating what testimony the witness would have given. *See* N.H. R. Ev. 103(b). New Hampshire Rule of Evidence 103(b) states in pertinent part that "error may not be predicated upon a ruling which . . . excludes evidence unless . . . the record indicates that the substance of the evidence was contemporaneously made known to the court by an offer of proof." Here, the defendant's failure to make an offer of proof at trial with respect to the evidence he now

alleges was improperly excluded prevents him from raising the issue on appeal. *See, e.g., State v. Roberts*, 131 N.H. 512, 519, 556 A.2d 302, 308 (1989); *State v. Guay*, 130 N.H. 413, 420, 543 A.2d 910, 914 (1988); *State v. Hood*, 127 N.H. 478, 480, 503 A.2d 781, 783 (1985). The purpose of Rule 103(b) is to alert the trial judge to the specific nature of the evidence excluded, and the error alleged by the proponent of the evidence, so that the court may, in its discretion, take timely remedial measures. Thus, making an offer of proof is "not a mere predicate for a later appeal; the object is to advise the trial judge of a claim of error that can be addressed before any damage is beyond correction in the trial court." *See Daigle v. City of Portsmouth*, 129 N.H. 561, 583, 534 A.2d 689, 701 (1987) (discussing Superior Court Rule 72, similar to Rule 103(b)).

During the direct examination of Eugene Yarrington, a defense witness, by defendant's counsel, Mr. Shadallah, the court excluded evidence of conversations between the witness and the defendant as follows:

|  |  |
|---|---|
|  | "Q. During the time that you were working with [the defendant] . . . did he ever mention a man named Stephen Israel? |
|  | A. Yes. |
|  | Q. What did he tell you about Stephen Israel? |
| MR. PLOURDE: | Objection. Hearsay. |
| THE COURT: | Do you want to respond? |
| MR. SHADALLAH: | Permissible, Judge, to the extent it shows his knowledge and state of mind of the defendant. |
| MR. PLOURDE: | Clearly out-of-court statement which is being introduced for the purpose of truthfulness. |
| MR. SHADALLAH: | It's a statement of the defendant, Judge. |
| MR. PLOURDE: | It doesn't matter, that is not admissible. |
| THE COURT: | Objection sustained." |

Whether a statement constitutes hearsay or whether it is admissible under one of the exceptions to the rule are questions for the trial court, and we will uphold the trial court's ruling unless

it is clearly erroneous. *See State v. McPherson,* 127 N.H. 826, 828, 508 A.2d 1076, 1078 (1986). It is clear from the record before us that the question to which the State objected did call for out-of-court statements, and, although the defendant's counsel advanced a legal basis for admitting the testimony, a conclusory reference to "state of mind," without more, is not an offer of proof within the meaning of Rule 103(b). Absent an offer of proof indicating what response, if any, the question sought to elicit, it is impossible to ascertain what the testimony of the witness would have been. The trial court was not apprised of the substance of the expected testimony, and therefore, it had no opportunity to consider whether the evidence fell within the state of mind exception or any other exception to the hearsay rule. Furthermore, the defendant failed to "meet his burden of developing a record from which an abuse of discretion may be predicated on appeal." *State v. Hood,* 127 N.H. 478, 480, 503 A.2d 781, 783 (1985). No question was preserved for review by this court, and the judgment below is affirmed.

*Affirmed.*

All concurred.