Hillsborough
No. 90-342

THE STATE OF NEW HAMPSHIRE

v.

JAMES T. STETSON

February 28, 1992

*John P. Arnold*, attorney general (*Mark E. Howard*, assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J.  The defendant, James T. Stetson, appeals his conviction for manslaughter, RSA 630:2. The defendant argues that the Superior Court (*Barry*, J.) improperly admitted hearsay testimony, but the State contends that admission was proper under the "opening-the-door" doctrine. We affirm.

Cedar Street in Manchester is a neighborhood of mostly three-story apartment buildings. Very early in the morning of June 24, 1989, the defendant proceeded in his automobile to visit a resident of Cedar Street, and drove erratically down a back alley in the area. When he stopped, an argument ensued between him and one Wayne Owens concerning Stetson's operation of the vehicle. After the argument ended, the defendant proceeded to drive away, but then stopped, backed up, put his arm out the driver's window, fired a shot into the air, and warned, "Next time this will be for you, Owens." Unfortunately, the bullet ricocheted off a building, and struck and killed Sherry Bubelnyk, who was standing on her third floor porch. Stetson was indicted by a Hillsborough County Grand Jury for manslaughter in violation of RSA 630:2, convicted by a jury, and sentenced to imprisonment for twelve to twenty-four years.

At trial, the prosecution offered the testimony of Sergeant Jaskolka, who had interviewed Owens shortly after the shooting. On cross-examination, the defense asked Jaskolka to recount statements made by Owens. The State objected to introduction of this hearsay testimony, but was overruled on the ground that the State planned to call Owens as a witness. Sergeant Jaskolka then testified that Owens had said that he had "no knowledge" of the shooting. Later in the trial, Owens refused to testify, making him an unavailable out-of-court declarant for purposes of the hearsay rules. N.H. R. Ev. 804(a)(2).

To counter the statement of Owens that came in through Sergeant Jaskolka's testimony, the State then offered the testimony of another police officer, Detective Brennan, who had heard Owens make assertions contrary to those Jaskolka heard him make. The State argued to the court that this hearsay testimony was proper for the purpose of rehabilitating the declarant, Owens, under Rule 806, and the defendant objected. The trial court, however, allowed introduction of the testimony for substantive purposes, pursuant to the residual unavailability exception to the hearsay rule, N.H. R. Ev. 804(b)(6), rather than for rehabilitation purposes pursuant to Rule 806. Bren-

nan testified that Owens said he did, in fact, witness the shooting, and it is the introduction of this hearsay that forms the basis for this appeal.

The defendant claims that the trial court erred in admitting Brennan's testimony under the residual exception to the hearsay rule, N.H. R. Ev. 804(b)(6), because the exception requires "circumstantial guarantees of trustworthiness," *id.*, that did not, arguably, exist in this case. The State concedes the point, but argues that the evidence was admissible to dissipate a misleading advantage under the "opening-the-door" doctrine recognized in *State v. Benoit*, 126 N.H. 6, 21, 490 A.2d 295, 305 (1985), or that its admission was harmless error, *State v. Favreau*, 134 N.H. 336, 342, 592 A.2d 1136, 1140 (1991).

A decision on the admissibility of evidence under an exception to the hearsay rule is within the sound discretion of the trial court and will not be disturbed unless clearly erroneous. *State v. Bonalumi*, 127 N.H. 485, 487, 503 A.2d 786, 787 (1985). The term "opening-the-door" is used "'broadly to describe situations in which a misleading advantage may be countered with previously suppressed or otherwise inadmissible evidence.'" *Benoit, supra* at 21, 490 A.2d at 305 (quoting *State v. Crosman*, 125 N.H. 527, 531, 484 A.2d 1095, 1098 (1984)). Here, it is plain that the defendant gained a misleading advantage when he was allowed to introduce hearsay evidence of Owens' statement of "no knowledge," an advantage which could be dissipated by further evidence on the same issue from the same out-of-court declarant. *State v. Benoit supra*. Thus, we hold that the evidence was admissible. It follows that we need not consider it in the context of harmless error.

*Affirmed.*

All concurred.