Belknap
No. 90-450

THE STATE OF NEW HAMPSHIRE

v.

HERIBERTO EMERSON PARRA

March 9, 1992

*John P. Arnold*, attorney general (*David S. Peck*, senior assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J. The defendant was convicted after a jury trial in Superior Court (*McHugh*, J.) of aggravated felonious sexual assault, RSA 632-A:2. On appeal, he claims that the trial court erred in excluding evidence of a prior assault on the ten-year-old victim by another, where the State introduced medical evidence to corroborate the victim's allegation. For the reasons set forth below, we affirm.

The facts, in brief, are as follows. One evening in 1989, between July 4 and September 30, the ten-year-old victim stayed overnight at the home of her friend in Laconia. The friend was living with her mother and the defendant. After the four went to the dog track they returned to the defendant's home. The friend went to sleep in her bedroom, her mother and the defendant went to their own bedroom, and the victim slept on a couch in the living room. Some time later, the defendant came out to the living room, went over to the victim, unzipped her nightgown and had sexual intercourse with her. She told the defendant he was hurting her and scratched him. He said that if she "told anybody, [she'd] be in serious trouble."

On January 15, 1990, the victim overheard her mother talking on the telephone with her friend's mother and heard her mother say, "Call the police." At that point the victim became "very upset and she started getting up and walking around," and told her mother about the incident of the previous summer. The next morning the victim's mother called the police. On January 25 the victim was examined by a nurse practitioner, Donna White. The examination revealed that the victim's hymen had been ruptured and that her vaginal opening was unusually large for her age.

On appeal, the defendant argues that his rights of confrontation and due process were violated by the trial court's decision to exclude

evidence that the victim had been digitally penetrated on a prior occasion by her teen-aged babysitter. According to the defendant, this evidence was probative and exculpatory, as it would have countered the inference, advanced by the prosecution, that the victim's mature genital area was caused by an act committed by the defendant.

Before addressing the substance of the defendant's claim of error, we must consider the State's argument that the issue was not preserved for appeal. Prior to trial the defendant filed a motion to introduce evidence that the victim had previously been sexually assaulted by someone other than the defendant. The evidence was asserted to be relevant on general grounds of credibility to test the victim's "ability to fabricate a detailed incident of sexual abuse." As the State correctly notes, nothing in that motion alerted the trial court to the defendant's desire, now argued here, to introduce the prior assault in order to attack the medical evidence used to corroborate the victim's testimony. Moreover, although a hearing was held on the motion, both sides agree that no stenographer was present.

 Were this the entire state of the record on this issue, we would be compelled to agree with the State that the issue was not properly preserved. *See State v. Wisowaty*, 133 N.H. 604, 607, 580 A.2d 1079, 1080 (1990) (specific issue must have been raised at trial in order to be considered for review). The record, however, also includes the defendant's motion to set aside the verdict, in which he referred back to his pretrial motion and the hearing thereon. In his post-trial motion, the defendant noted the nurse practitioner's testimony regarding "physical evidence of sexual penetration," and stated that he had been "precluded from inquiring into other incidents of sexual penetration of which the Court was made aware by defense counsel at the Court's pretrial hearing on this issue, and which would have further explained the observations of the witness." Thus, defense counsel represented that at the pretrial hearing he had argued, as a distinct ground for admissibility, the need for evidence of the prior sexual assault to rebut the medical evidence. This representation was not disputed by the State in its objection to the motion to set aside the verdict. Rather, the State objected on the merits. The trial court, moreover, in its order on the defendant's post-trial motion, considered the merits of the issue now before us. Both the State and the trial court effectively ratified the representation made in the defendant's motion to set aside. This is, therefore, not a situation in which a party used a post-trial "motion to make a

general objection more specific." *State v. Menard*, 133 N.H. 708, 710, 584 A.2d 752, 753 (1990). Despite the omission of this specific ground from the pretrial motion and the absence of a stenographic record of the hearing thereon, the evidence shows that the parties and the judge proceeded as though the issue were properly before the trial court. We therefore hold that the issue is adequately preserved for appeal.

■ The State also argues that, even if the issue was raised prior to trial, the defendant's failure to renew his objection at trial waives it on appeal. We have recently decided this issue against the State. *See State v. Simonds*, 135 N.H. 203, 600 A.2d 928 (1991).

■■ Turning to the merits of the defendant's claim, the absence of a record in this case becomes significant. As we have repeatedly held, the moving party has the burden to provide this court with a record sufficient to decide the issue raised on appeal. *See, e.g., State v. Bergmann*, 135 N.H. 97, 599 A.2d 502 (1991); *State v. Stearns*, 130 N.H. 475, 491, 547 A.2d 672, 681 (1988); *State v. Winders*, 127 N.H. 471, 477, 503 A.2d 798, 802 (1985); *see also* SUP. CT. R. 13, 15. Where the claimed error involves the admission or exclusion of evidence at trial, the moving party, in this case the defendant, must "develop[ ] a record from which an abuse of discretion may be predicated on appeal." *State v. Saulnier*, 132 N.H. 412, 415, 566 A.2d 1135, 1136 (1989) (quotation omitted).

In its order on the defendant's post-trial motion, the trial court explained its pretrial ruling excluding the evidence:

> "The defendant also points out that this past act of abuse might help explain why the nurse practitioner who testified felt that the child had the genital area of a married woman. There was no evidence produced by the defendant at any pre-trial hearing on this issue that would allow a fact finder to conclude that a once-digitally penetrated victim would account for the genital condition of the victim as described by the nurse practicioner [*sic*]. There was, therefore, no probative evidence to be obtained if the Court allowed the testimony of the prior sexual abuse to be admitted before the jury."

■ In order to overturn the trial court's decision, we would have to find an abuse of discretion in the court's determination that the evidence was not probative and in its balancing of probative value and prejudicial effect. *See State v. Cox*, 133 N.H. 261, 265, 575

A.2d 1320, 1325 (1990); N.H. R. Ev. 403, 412(b)(2). "[I]n the absence of a taped or stenographic record of the [pretrial] hearing, we must assume that the evidence supported the trial court's findings, and our review is limited to legal errors apparent on the face of the record." *State v. Cox supra* (citation omitted). All that appears in the record regarding the evidence at issue is found in the State's written objection to the defendant's motion to set aside the verdict. The objection stated that the victim had previously been sexually assaulted through digital penetration by a teen-aged girl. The State also represented that "at the deposition, the witness testified that the opening in the vaginal area was larger than the average finger of a teenage girl as the nurse has large hands for a woman and she had no difficulty examining the victim manually."

On the basis of this information alone we cannot say that the trial court's findings with respect to probative worth are unsupported by the evidence. Certainly, nothing on the face of the record evidence supports a contrary finding that the victim's mature genital condition could have been caused by the prior digital penetration. Without knowing what, if any, further evidence was presented at the hearing, we must assume that whatever evidence there was supported the court's finding that the evidence of the prior assault was not sufficiently probative. To do otherwise would require us to guess as to why the court found as it did. "'We cannot base a finding that the trial court abused its discretion upon mere speculation.'" *State v. Bergmann, supra* at 100, 599 A.2d at 504 (quoting *State v. Staples,* 120 N.H. 278, 284, 415 A.2d 320, 323 (1980)). Neither can we hold, absent an abuse of discretion, that the defendant's rights to confrontation and due process were violated. *See State v. LaClair,* 121 N.H. 743, 745, 433 A.2d 1325, 1328 (1981) (evidence of victim's prior sexual activity admissible when trial court, in exercise of discretion, determines due process so requires). Accordingly, based on the record that the defendant has presented on appeal, we cannot say that the trial court erred in denying his motion to introduce the evidence.

*Affirmed.*

All concurred.