Rockingham
No. 91-335

## THE STATE OF NEW HAMPSHIRE

### v.

## KENNETH HOPKINS

October 30, 1992

*John P. Arnold*, attorney general (*Donald Feith*, senior assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

HORTON, J. The defendant, Kenneth Hopkins, was convicted, after a jury trial, of ten counts of aggravated felonious sexual assault and one count of felonious sexual assault. He argues that the Superior Court (*Hollman*, J.) erred by denying him the opportunity to return to the witness stand to present surrebuttal evidence. We affirm.

The defendant married his first wife, Jean, in August 1969. Their marriage was shaky and in late 1978 or early 1979 they decided to

separate. At the time of their separation they had two children, a son and a daughter. At first, the children lived with their mother, but in 1983 they moved in with their father. The defendant and his wife were divorced in June 1986. The defendant's sexual molestation of his daughter started in 1984, when she was eleven, and continued regularly until 1988. In 1988 the daughter confided in her pastor, telling him of her father's abuses. The pastor alerted the authorities, who placed the daughter in a foster home. The defendant was eventually charged with sexual assault.

Two subjects of dispute at trial are relevant to this appeal. The first was the manner in which the defendant's daughter came to live with him. The State provided evidence that the defendant contrived the phony disappearance of his daughter from her mother's home, causing neighbors and police to believe that she had run away or been abducted. The second dispute concerned the nature of the defendant's relationship with his foster daughter. In the summer of 1983, when the defendant's two children moved in with him, he was living with his foster child, Diane. The State presented testimony showing that the defendant and Diane were caught sharing a bed in the fall of 1983. The defendant married Diane in 1986.

At trial, during the defense case-in-chief, the defendant denied that he had arranged for his daughter to disappear from her mother's house and denied that he had been sleeping with his foster daughter. After the defense rested, the court allowed the State to call a rebuttal witness, the defendant's mother, Marie Trainor. The State's direct examination of Ms. Trainor was narrow, focusing on these two disputed issues. First, Ms. Trainor testified that she took part, apparently unwittingly, in the defendant's scheme to have his daughter disappear from her mother's house. Second, Ms. Trainor testified that in late 1983, while the defendant and Diane were visiting her, she caught the two sleeping together in her guest room.

In his cross-examination, the defendant attacked Ms. Trainor's credibility by introducing specific instances of conduct that might tend to show she was biased against him. The testimony he elicited showed that the relationship between mother and son had been deteriorating for several years. Ms. Trainor testified about hostile remarks between herself and the defendant, their discussing stolen clothing over the dinner table, the defendant's threats to kill her, the defendant's failure to repay an auto loan, Ms. Trainor's possible abuse of prescription drugs, and the defendant's habit of taping phone conversations with his family. The defendant succeeded in showing bias but his victory was Pyrrhic; Ms. Trainor's testimony

was damaging not only to her credibility, but to the defendant's as well.

After Ms. Trainor testified, the defendant requested that the court allow him to return to the witness stand. He argued that Ms. Trainor's remarks on cross-examination constituted new evidence that he was entitled to rebut. The trial court held that the testimony at issue did not constitute evidence raised by the State and that the defendant had broken "new ground" at his own risk.

 The defendant appeals the denial of the opportunity for surrebuttal. The State argues that the defendant did not properly preserve this issue for appeal because the defendant's offer of proof was too general. We disagree. As the State points out, trial court error cannot be based on the improper exclusion of evidence unless the party wishing to enter the evidence makes an offer of proof. *State v. Saulnier*, 132 N.H. 412, 413, 566 A.2d 1135, 1135 (1989); *see* N.H. R. Ev. 103(b). The purpose of the rule is to allow the trial judge to know the specific nature of the evidence excluded. *Saulnier, supra* at 414, 566 A.2d at 1136. We cannot review the lower court's decision unless the offer of proof is preserved in the record. *See State v. Parra*, 135 N.H. 306, 308–09, 604 A.2d 567, 568–69 (1992). The defendant made a contemporaneous objection and offer off the record during a chambers conference after the close of proceedings on February 4, 1991. The following morning the trial court held another chambers conference, on the record, during which it expressly referred to the defendant's objection of the night before, and stated that the purpose of the morning conference was to "confirm what the request was and what the reason for the denial was." At that time, the defendant repeated his offer of proof, on the record, stating that his testimony would show that he was not a "crook," and that he had not sold stolen goods. On this record the issue was adequately preserved.

 The control of the order of interrogation of witnesses and the admissibility of evidence is committed to the sound discretion of the trial judge. *See, e.g.*, SUPER. CT. RS. 67, 69, 70; N.H. R. Ev. 611(a), (b); *State v. Torrence*, 134 N.H. 24, 27, 587 A.2d 1227, 1229 (1991). The trial judge's ruling on the admissibility of rebuttal evidence will not be disturbed unless there has been a clear abuse of discretion. *Roy v. Perrin*, 122 N.H. 88, 95, 441 A.2d 1151, 1156 (1982); *Taylor v. Gagne*, 121 N.H. 948, 949, 437 A.2d 262, 263 (1981). Surrebuttal evidence, a subset of the class of rebuttal evidence, is treated in the same manner. Its admissibility is committed to the discretion

of the trial judge. SUPER. CT. R. 70; *see Roy, supra* at 95, 441 A.2d at 1156.

▪▪▪▪ The trial court has discretion to allow inquiry during cross-examination into specific instances of conduct for the limited purpose of impeaching the witness's credibility. N.H. R. EV. 608(b); *State v. Hurlburt,* 132 N.H. 674, 675, 569 A.2d 1306, 1307 (1990). One means of impeaching a witness is to show that the witness is biased, and thus would have reason to be untruthful. *State v. Brown,* 132 N.H. 520, 524, 567 A.2d 544, 546 (1989). Although a cross-examiner may inquire into conduct probative of untruthfulness, the examiner must take the answer as the witness gives it. The examiner may not introduce extrinsic evidence, such as calling other witnesses, to rebut the witness's statements. N.H. R. EV. 608(b); *Hurlburt, supra* at 675, 569 A.2d at 1307. The objective is to avoid a "trial within a trial," that is, to avoid the litigation of issues that are collateral to the case at hand. *State v. Ellsworth,* 136 N.H. 115, 118, 613 A.2d 473, 474 (1992). The collateral issue rule is as applicable to cross-examination during rebuttal as it is to cross-examination during a party's case-in-chief.

▪▪▪▪ The defendant confuses collateral issues with new issues. The type of new issues needed to allow rebuttal are those issues relevant to the case at trial and that the party could not reasonably have presented or opposed during its case-in-chief. *See People v. White,* 14 Ill. App. 3d 1079, 1081–82, 303 N.E.2d 36, 37 (1973). The issues raised by Ms. Trainor were collateral, not new, and the defendant must take the answers as given. He cannot introduce extrinsic evidence to prove or disprove these statements.

▪▪▪▪ The defendant appears to argue that the introduction of prejudicial evidence can make otherwise inadmissible evidence admissible. The term "opening-the-door" is used to describe situations in which a misleading advantage gained by the opposing party may be countered with previously suppressed or otherwise inadmissible evidence. *State v. Crosman,* 125 N.H. 527, 531, 484 A.2d 1095, 1098 (1984). The admissibility of such evidence is within the sound discretion of the trial judge. *State v. Stetson,* 135 N.H. 267, 269, 603 A.2d 498, 499 (1992). In the instant case the defendant brought the disadvantage upon himself, and the issues raised were collateral to the case at hand. We find no abuse of the trial court's discretion.

*Affirmed.*

All concurred.