Hillsborough
No. 90-283

THE STATE OF NEW HAMPSHIRE

v.

JERARD P. NORGREN

November 25, 1992

*John P. Arnold*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

*Jerard P. Norgren*, by brief, *pro se.*

BROCK, C.J.   In this appeal from his conviction for kidnapping, RSA 633:1, the defendant argues that the Trial Court (*Barry*, J.) erred by allowing the State to: (1) amend the indictment to delete surplusage; and (2) impeach the defendant with prior misdemeanor convictions. We affirm.

The indictment charging the defendant with violating RSA 633:1 alleged that the defendant "knowingly confined [the victim] under his control with a purpose to terrorize her and he did fail to voluntarily release the victim without serious bodily injury and in a safe place prior to trial. . . ." Approximately two and a half months prior to trial the State moved to strike the language "without serious bodily injury and in a safe place prior to trial," contending that it intended to rely on the allegation that the defendant did not voluntarily release the victim as the sole aggravating circumstance to establish a class A kidnapping. The defendant asserted that the language the State sought to strike was not surplusage, and if removed would render the indictment insufficient to charge a class A felony. The trial court granted the motion, and the defendant claims it erred in doing so.

■■   The defendant, however, does not contend that this ruling prejudiced him either in his ability to understand the charges or to

prepare his defense, *see State v. Fennelly*, 123 N.H. 378, 388, 461 A.2d 1090, 1095 (1983), and our review of the extensive record in this case does not indicate that any prejudice in fact occurred. Absent a showing of prejudice, we will not disturb the trial court's ruling. *See State v. Johnson*, 130 N.H. 578, 586, 547 A.2d 213, 218 (1988). Furthermore, the defendant was acquitted of class A kidnapping; his conviction was for class B kidnapping, which the defendant admits was sufficiently charged in the indictment.

The second issue on appeal is whether the trial court erred in allowing the State to use three misdemeanor convictions on cross-examination to impeach the defendant. During its case-in-chief the State adduced facts surrounding three prior incidents involving the defendant: vandalism of the victim's car on March 13 or 14, 1989; assault on an individual in the victim's presence on March 18, 1989; and threatening to kill the victim on March 27, 1989. On direct examination the defendant testified about these incidents. The State moved to cross-examine the defendant with the fact that he had pleaded *nolo contendere* to each of the charges and been convicted. Over the defendant's objection that the convictions were not admissible for impeachment under the New Hampshire Rules of Evidence, the trial court granted the State's motion, and the defendant was cross-examined accordingly.

■■■ Generally, only convictions for felonies and offenses involving "dishonesty or false statement, regardless of the punishment" can be used to attack a witness's credibility under New Hampshire Rule of Evidence 609(a). We agree with the defendant that his misdemeanor convictions for criminal mischief, simple assault, and criminal threatening do not satisfy either threshold set out in the rule. Evidence of prior convictions not admissible under Rule 609(a) may be used, however, where "the State [does] not use the convictions to attack general credibility, but rather to prove that the defendant gave a knowingly false answer under oath in response to his own counsel's question on direct examination." *State v. Pugliese*, 129 N.H. 442, 443, 529 A.2d 925, 926 (1987).

■ On appeal, the defendant argues that because he "never testified or in any way suggested that he had not been convicted of the misdemeanor charges," he never "opened the door" to the prior convictions, and thus their use constituted an impermissible attack on his general credibility. The record, however, shows that the defendant either explicitly stated or implied that he had not committed the offenses for which he had in fact been convicted. His testimony cre-

ated the impression that he had wrongly been charged with those crimes and had been incarcerated for over a year and a half solely for the kidnapping charge. The defendant's own testimony thereby opened the door to otherwise impermissible impeachment, *see State v. Crosman*, 125 N.H. 527, 530–31, 484 A.2d 1095, 1097–98 (1984), and the trial court did not abuse its discretion in admitting evidence of the defendant's misdemeanor convictions. *See State v. Hickey*, 129 N.H. 53, 59, 523 A.2d 60, 64 (1986). To hold otherwise would "convert a general rule of probative significance into a license to make affirmative misrepresentations and commit perjury without fear of contradiction." *Pugliese, supra* at 443, 529 A.2d at 926.

*Affirmed.*

All concurred.