Hillsborough-northern judicial district
No. 92-226

THE STATE OF NEW HAMPSHIRE

v.

RICHARD MELLO

September 16, 1993

*Jeffrey R. Howard*, attorney general (*John A. Stephen*, assistant attorney general, on the brief and orally), for the State.

*Timothy M. Landry*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J.  The defendant, Richard Mello, was convicted of two counts of aggravated felonious sexual assault and two counts of felonious sexual assault after a jury trial in Superior Court (*Dalianis*, J.). His sole argument on appeal is that the trial court violated New Hampshire Rule of Evidence 608 by allowing the State to call a rebuttal witness to introduce extrinsic evidence to impeach the defendant's testimony. We affirm.

The defendant was tried on charges that he had sexually abused the eleven-year-old daughter of his girlfriend. He testified and denied the allegations. During direct examination he stated that he "was in shock" when he discovered that the police had come to his house to arrest him. Defense counsel then asked him if he had ever

been arrested or been in trouble with the police before. The defendant answered, "No."

On cross-examination, the prosecutor asked the defendant if he had ever been arrested in Peabody, Massachusetts, his hometown. The defendant answered, "Yes." The following cross-examination then occurred:

"Q. You've just told the jury you've never been arrested.
A. I never been arrested for any crime, just for — well, for no crime. Like, I used to go out drinking, and used to take me in a cell, and I used to go inside, and in three hours, they let me out.
Q. So what were you arrested for in Peabody, Mass., Mr. Mello?

[Defense Counsel]: Your Honor, may we approach the bench?
The Court: Sure.
[There was discussion off the record at the bench.]
Q. Mr. Mello, what were you arrested for in Peabody, Mass.?
A. What I was arrested for?
Q. Yuh. Do you remember — first of all, let me strike that. How many times have you been arrested in Peabody, Mass.?
A. How many times? [The witness paused.] I can't — I don't know.
Q. Were you arrested more than once?
A. No. Only about once. Well, they used to take me in there because I used to be drinking.
Q. Were you arrested in Peabody, Mass., for the offense of kidnapping?
A. Kidnapping?
Q. Yes. Were you ever arrested for kidnapping?
A. No.
Q. Were you ever arrested for any offense involving sexual assault?
A. No."

After resting, defense counsel moved for a dismissal or a mistrial based on a claim that the State had violated its continuing discovery obligations by not furnishing to the defense the information about the defendant's arrest record. The prosecutor responded that there had been no discovery violation and that the defendant, by lying

about his arrest record, had opened himself to cross-examination on the subject. He stated that "the State will now produce evidence about an arrest." The trial court denied the motions, ruling that any possible discovery issue was "subordinate to the issue of a possible perjury," and referred to the prospective rebuttal evidence alluded to by the prosecutor during his argument. The court cautioned that a mistrial might lie ahead if the evidence did not materialize.

When the trial resumed, the State called Officer Charles Randall of the Peabody Police Department as a rebuttal witness. Officer Randall testified that he had arrested the defendant in 1983 for rape and kidnapping. Closing arguments and the court's charge to the jury followed.

The next day the defendant moved again for a mistrial based on the evidence of prior arrests. His written motion cited Rule of Evidence 608. During a discussion in chambers, defense counsel stated that he "did make contemporaneous objections to both . . . the state's cross-examination with regard to the previous arrests as well as the rebuttal witness relating to the previous arrests," although he could not recall whether all the grounds for the objection had been "actually placed on the record at that time." He continued: "As I said, at that time, the matter relating to the arrests in Massachusetts was a collateral matter. And its introduction into the proceedings here . . . [was] contrary to the New Hampshire Rules of Evidence and was prejudicial to my client." Defense counsel then restated his position that the State had committed a discovery violation, and the prosecutor countered both arguments. The trial court denied the motion, stating that the defendant had placed his credibility in issue, that a limiting instruction had been given to the jury, and that the court had handled the matter "appropriately under Rule 608. There was no information concerning the facts and circumstances surrounding the arrests in question. So there was not a trial within a trial."

■    The State first argues that the issue before us was not preserved for appeal because no contemporaneous objection was made on Rule 608 grounds. See *In re Eduardo L.*, 136 N.H. 678, 689, 621 A.2d 923, 931 (1993) ("To preserve an objection for appeal, a party must make a contemporaneous objection . . . stating explicitly the specific ground of objection." (quotation omitted)). Although we enforce the contemporaneous objection requirement, we have also reviewed an issue where, although no contemporaneous *record* was made of an objection, the record was later reconstructed to reflect the parties' and the trial court's understanding of what had gone before. In *State v. Parra*, 135 N.H. 306, 308–09, 604 A.2d 567, 569

(1992), we held an issue had been preserved where, in a post-trial motion, defense counsel referred back to his earlier off-the-record objection, the prosecutor did not dispute that the objection had been made, and the trial court ruled on the merits of the question. Because the State and the trial court "effectively ratified the representation" by defense counsel that he had previously made a specific argument, *id.* at 308, 604 A.2d at 569, we held that the issue was adequately preserved.

Here, too, defense counsel represented on the record that he had made an earlier objection to the rebuttal testimony on the ground that it was extrinsic evidence of a collateral matter. The prosecutor did not dispute that representation, nor did the trial judge, who ruled that the matter had been handled "appropriately under Rule 608." The purpose of the contemporaneous objection requirement, to allow the trial court the opportunity to correct any claimed errors, *see Appeal of Bosselait*, 130 N.H. 604, 607, 547 A.2d 682, 686 (1988), *cert. denied*, 488 U.S. 1011 (1989), was served in this case. We hold that the issue raised on appeal was adequately preserved.

■■ On the merits, the defendant argues that New Hampshire Rule of Evidence 608(b) barred the extrinsic, rebuttal evidence of his arrest because it was offered for no relevant purpose other than to impeach his testimony on a collateral issue. We disagree.

Rule 608(b) provides in pertinent part:

> "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence."

We think that Rule 608, like its counterpart, Rule 609 relative to convictions, is directed at the use of such evidence to impeach a witness's general credibility. *See State v. Hopkins*, 136 N.H. 272, 276, 616 A.2d 916, 918 (1992) (trial court has discretion to allow inquiry on cross-examination under Rule 608(b) "for the limited purpose of impeaching the witness's credibility"); *cf. State v. Pugliese*, 129 N.H. 442, 443, 529 A.2d 925, 926 (1987) (apparent object of Rule 609 to limit admissibility to convictions sufficiently probative "to justify *general* impeachment" (emphasis added)). Here, the evidence of the defendant's prior arrest was used not to impeach him generally but to prove that, when he testified that he had never been arrested and then that he had only been taken in for drunkenness, he "gave a knowingly false answer under oath in response to his own counsel's question on direct examination." *Pugliese*, 129 N.H. at 443, 529 A.2d

at 926; *accord State v. Norgren*, 136 N.H. 399, 401, 616 A.2d 505, 507 (1992).

"[T]he defendant, by presenting certain evidence, may 'open the door' to the introduction of otherwise inadmissible evidence for the limited purpose of impugning the veracity of the witness presented by the defendant." *State v. Sullivan*, 131 N.H. 209, 213, 551 A.2d 519, 522 (1988). If a defense witness lies on the stand and thereby creates a "misleading advantage," the State is entitled to counter with evidence "to refute the impressions created by his . . . testimony." *Id.*

As we held in *Pugliese* and *Norgren*, the defendant's own testimony opened the door to what otherwise would have been impermissible impeachment evidence, and the constraints of Rule 608 simply did not apply. To apply Rule 608 to forbid the testimony at issue here "would convert a general rule . . . into a license to make affirmative misrepresentations and commit perjury without fear of contradiction." *Pugliese*, 129 N.H. at 443, 529 A.2d at 926. We hold that the trial court acted within its discretion in admitting the challenged evidence.

*Affirmed.*

All concurred.