Belknap
No. 92-220

THE STATE OF NEW HAMPSHIRE

v.

EDGAR PATTEN

September 30, 1993

*Jeffrey R. Howard*, attorney general (*Ann M. Rice*, assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

THAYER, J. The defendant, Edgar Patten, was convicted after a jury trial in Superior Court (*O'Neil*, J.) of attempted burglary. RSA 629:1 (1986); RSA 635:1 (1986 & Supp. 1992). On appeal, he argues that evidence of his statements at a bail hearing was improperly admitted, entitling him to a new trial. We affirm.

On July 26, 1991, Laconia police responded to a call from a resident of an apartment building located on Arch Street. The caller had seen an individual leaning on the door of apartment number two. When the police arrived, they found that the doorknob for the door entering apartment number two had been removed. The resident who had phoned the police had described the defendant, and the po-

lice found him sitting in a stairwell of the apartment building. When an officer asked the defendant about apartment number two, he responded that he did not know what the officer was talking about, and that he was in the stairwell because he needed a place to drink. The defendant was arrested and arraigned. During the defendant's bail hearing, the judge asked him if he wanted to say something, and informed him that he did not have to say anything. The defendant responded, "The only reason I attempted to go in was because I was hungry."

At trial, during cross-examination of the arresting officer, defense counsel asked the officer if the defendant was questioned on the scene about apartment two, "[a]nd he said that he didn't — had no idea what you were talking about; isn't that correct?" Defense counsel also asked the same witness, "You asked him what he was doing. He said, 'I don't know anything about what you're here for,' and you took him outside; is that essentially it?" The officer responded affirmatively to each question. Following this testimony, the State moved to introduce the statement made by the defendant at the bail hearing to rebut the statement admitted during cross-examination of the investigating officer. The bail hearing statement was admitted over the defendant's objection. The State offered the bail hearing statement to impeach the defendant's statement, and although no limiting instruction was requested, the judge provided such an instruction in the jury charge. The defendant contends that the trial court erred in allowing the bail hearing statement into evidence under the doctrine of "curative admissibility" or "opening the door."

 Under New Hampshire law, a defendant's testimony at a bail hearing is excluded from evidence at trial. *State v. Williams*, 115 N.H. 437, 443, 343 A.2d 29, 33 (1975). If a party, however, gains a misleading advantage from the admission of certain evidence, the opening-the-door doctrine allows the trial judge to use discretion to admit otherwise inadmissible evidence to counter the misleading advantage. *See State v. Stetson*, 135 N.H. 267, 269, 603 A.2d 498, 499 (1992) (defendant gained misleading advantage when hearsay evidence admitted into evidence); *see also State v. Judkins*, 128 N.H. 223, 225, 512 A.2d 427, 428–29 (1986); *State v. Benoit*, 126 N.H. 6, 21, 490 A.2d 295, 305 (1985); *State v. Brown*, 125 N.H. 346, 351–52, 480 A.2d 901, 905–06 (1984); *State v. Butler*, 117 N.H. 888, 891–92, 379 A.2d 827, 829–30 (1977).

Defense counsel's questions and the officer's affirmative responses were simply a way for the defendant to put forth his self-serving

statements without taking the stand and risking cross-examination. In ruling on the State's motion to admit the bail hearing statement, the trial court noted:

"You have absolute denial of being involved at all, and that's hanging right out there for everybody to see, including the jury, and you are arguing that to the jury. And the State's got a statement made that's inconsistent with that, absolutely inconsistent with it . . . . So what [has] happened is the jury is not getting the whole picture. The jury is only getting half of it. Now, that doesn't permit you to just submit all the exculpatory evidence you want, and the State says we can't meet it. We can't rebut it. Our hands are tied."

■ The trial court has broad discretion in ruling on the admissibility of evidence, and we will not disturb its ruling absent an abuse of discretion. *State v. Torrence*, 134 N.H. 24, 26–27, 587 A.2d 1227, 1229 (1991). Where, as here, defense counsel elicits exculpatory statements made by the defendant from a witness, the trial court, in the exercise of its discretion, may properly admit evidence of other statements made by the defendant.

*Affirmed.*

All concurred.