# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## In Case No. 2022-0600, State of New Hampshire v. David Voight, the court on June 3, 2024, issued the following order:

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). The defendant, David Voight, appeals his convictions, following a jury trial in Superior Court (Messer, J.), of second degree assault, see RSA 631:2, I(b) (Supp. 2023), and felon in possession, see RSA 159:3, I (2023). He argues that the trial court erred in admitting a voicemail message he sent the victim before the assault and an email message he sent the victim after the assault. He also argues that the court erred in denying his request to cross-examine the victim regarding alleged acts of dishonesty. We affirm.

The defendant first argues that the trial court erred in admitting a voicemail message that he sent the victim thirteen days prior to the assault. He argues that the voicemail was inadmissible under New Hampshire Rule of Evidence 404(b). The trial court has broad discretion to determine the admissibility of evidence, and we will not upset its ruling absent an unsustainable exercise of discretion. See State v. Colbath, 171 N.H. 626, 632 (2019). To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id.

The purpose of Rule 404(b) "is to ensure that an accused is tried on the merits of the crime charged and to prevent a conviction that is based upon propensity and character inferences drawn from evidence of other crimes or wrongs." State v. Thomas, 168 N.H. 589, 599 (2016) (quotation omitted). The rule provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

N.H. R. Ev. 404(b)(1). Evidence of other crimes, wrongs or acts is admissible only if: (1) "it is relevant for a purpose other than proving the person's character or disposition"; (2) "there is clear proof, meaning that there is sufficient evidence to support a finding by the fact-finder that the other crimes, wrongs or acts occurred and that the person committed them"; and (3) "the

probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." N.H. R. Ev. 404(b)(2); see State v. Clark, 174 N.H. 586, 592-93 (2021). "The State bears the burden of demonstrating the admissibility of prior bad acts." Clark, 174 N.H. at 593. "[T]he State is required to specify the purpose for which the evidence is offered and articulate the precise chain of reasoning by which the proffered evidence will tend to prove or disprove an issue actually in dispute, without relying upon forbidden inferences of predisposition, character, or propensity." Id. (quotation omitted).

The State argued that the voicemail evidenced the defendant's threatening behavior toward the victim and was relevant to show that she delayed reporting the crimes because she feared that he would retaliate against her. The trial court found that the evidence was admissible "to show something other than propensity," that it was "related to intent [and] motive," that it was relevant to show that their relationship "had frayed," and that it "was not a loving, supportive relationship." The court also found that any prejudice was "limited by the fact that it's not the same conduct as the conduct that's alleged."

The defendant argues that the evidence was not relevant to prove motive or intent because "neither were in serious dispute." However, the defense argued that the victim fabricated the claims, which placed the elements of the offense, including the defendant's mental state, in dispute. Moreover, as the trial court noted, the danger of unfair prejudice was limited because leaving an angry voicemail message differs from committing second degree assault. We conclude that the record supports the trial court's finding that the voicemail was relevant to the defendant's intent without relying upon a forbidden propensity inference. See State v. Tufano, 175 N.H. 662, 665-66 (2023). The record also supports the trial court's finding that the probative value of the voicemail was not substantially outweighed by the danger of unfair prejudice. See Clark, 174 N.H. at 592-93. Accordingly, we conclude that the trial court sustainably exercised its discretion in admitting the voicemail. See Colbath, 171 N.H. at 632.

The defendant next argues that the trial court erred in admitting an email that he sent the victim nine days after the assault. He argues that the email was inadmissible under Rule 403. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.H. R. Ev. 403.

> Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case.

State v. Cassavaugh, 161 N.H. 90, 98 (2010) (quotation omitted).  We accord the trial court considerable deference in determining whether to admit or exclude evidence under Rule 403, and we will not disturb its decision absent an unsustainable exercise of discretion.  State v. Miller, 155 N.H. 246, 252 (2007).

The defendant argues that the email was attenuated in time from the assault and served only to depict him as an abuser who was manipulative and emotionally erratic.  However, the email was relevant to show the volatile nature of the defendant's relationship with the victim, which bolstered the victim's testimony, and it was not merely cumulative of previous emails that were admitted.  Nor did the trial court err by determining that the email was not unfairly prejudicial.  Accordingly, we conclude that the defendant has not demonstrated that the trial court's decision to admit the email constituted an unsustainable exercise of discretion.  See Miller, 155 N.H. at 252.

Finally, the defendant argues that the trial court erred by not allowing him to cross-examine the victim regarding alleged acts of dishonesty.  Rule 608(b) permits a cross-examiner to inquire into conduct that is probative of the witness's character for truthfulness or untruthfulness.  Miller, 155 N.H. at 249.  Generally, however, the examiner must take the answer as the witness gives it.  Id.  Rule 608(b) prohibits the examiner from introducing "extrinsic evidence, such as calling other witnesses, to rebut the witness's statements."  State v. Hopkins, 136 N.H. 272, 276 (1992).  "The objective is to avoid a trial within a trial; that is, to avoid the litigation of issues that are collateral to the case at hand."  Miller, 155 N.H. at 249.

When exercising its discretion under Rule 608(b), the trial court must also consider Rule 403.  State v. Brum, 155 N.H. 408, 412 (2007).  "The overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury."  Id. at 412-13 (brackets and quotation omitted).  To prevail under this standard, the defendant must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case.  Id. at 413.

The trial court found, "[a]fter review and consideration," that "the specific instance of conduct that the defense seeks to inquire into is collateral to the charged offenses."  The court also found that "the conduct has not been clearly established as it was a report by [a third party] that was not reported or confirmed by purported victims, and the police did not complete an investigation."  We conclude that the trial court's finding, that the probative value of any such cross-examination would be substantially outweighed by the danger of unfair prejudice and confusion of the issues, is supported by the

3

record, and that the court's decision not to allow such cross-examination constituted a sustainable exercise of its discretion.  See Brum, 155 N.H. at 412.

Affirmed.

Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**