Original
No. 7484

FREDERICK J. MARTINEAU

v.

RAYMOND HELGEMOE, WARDEN

October 31, 1977

*Shute, Engel & Frasier,* of Exeter (*Mr. Francis J. Frasier* orally), for the plaintiff.

*David H. Souter,* attorney general, and *Richard B. Michaud,* attorney (*Mr. Michaud* orally), for the defendant.

PER CURIAM. The issue in this petition for a writ of habeas corpus is whether plaintiff was denied the right to a public trial.

Plaintiff was tried and convicted of attempted burglary in a jury-waived trial in March, 1976. He filed his petition claiming that he was denied a public trial because during part of his trial the courtroom doors were locked and the public was excluded. The matter was remanded to the superior court because disputed facts were involved. *See LaBelle v. State,* 108 N.H. 241, 231 A.2d 480 (1967).

A hearing was held before the same justice who tried the case who made certain findings and dismissed the petition. Plaintiff's exceptions were transferred by *Perkins, J.*

It appears to be undisputed that during hearings on the defendant's motion to suppress evidence that the state's and defendant's witnesses were sequestered, and the doors of the courtroom were locked except to admit them one at a time. This was done at the request of counsel, and the defendant had no objection to that procedure. When the trial on the merits began, no one directed that the doors be kept locked and the public excluded, but for some reason this was done without the knowledge of the court.

During the trial on the merits, the order to sequester the witnesses continued and this may have accounted for the misunderstanding on the part of court officers regarding the locked doors.

At some time, it was learned by defense counsel that the doors were locked. During a discussion with Martineau, his lawyer told him he was not disturbed and it was probably to his advantage because it would keep adverse press coverage down and also would prevent the police from planting someone in the courtroom to report back the testimony to the next witness thus reducing the effectiveness of the sequestration order. His counsel testified that he thought Martineau agreed with him at that time. Later when Martineau brought up the subject, counsel told him that if he wanted to "bring it to the court's attention that he had a perfect right to stand up and tell the court that at any time he wanted to." At no time did Martineau or counsel inform the court of the locked doors. The court learned of the locked doors through a bailiff who stated that he had heard "some complaint . . . by persons in the corridor and by Mr. Martineau." The court ordered the doors opened, and they remained open from March 15 until the end of the trial on March 17. Unknown to the court however, the doors were locked for the first three days of the six-day trial.

"Although it has been said that New Hampshire's Constitution, statutes and case law fail to guarantee the right to a public trial (see In re Oliver, 333 U.S. 257 (1948) ), the United States Supreme Court has held the right to a public trial applicable to the States." State v. Blake, 113 N.H. 115, 118, 305 A.2d 300, 302 (1973). There is little doubt, however, that although there is no specific reference to the right to a public trial in our State constitution, the right is protected by the requirement of due process. N.H. CONST., pt. I, art. 15.

Regardless of where the right originates, it may be waived by defendant, and the evidence supports the finding that it was waived in this case. Defense counsel made a deliberate tactical

decision not to inform the court or to object, because he felt it was to Martineau's advantage. Martineau agreed with this. Later Martineau was given the chance to object if he did not agree but failed to inform the court of the facts or of any objection but rather waited until after the guilty verdict. This constituted a deliberate and intelligent waiver. *Henry v. Mississippi,* 379 U.S. 443 (1965); *Estelle v. Williams,* 425 U.S. 501 (1976); *Murch v. Mottram,* 409 U.S. 41 (1972); *State v. Blake,* 113 N.H. 115, 305 A.2d 300 (1973).

*Petition dismissed.*