Strafford
No. 88-257

THE STATE OF NEW HAMPSHIRE

v.

GARY SAMPSON

November 13, 1989

*John P. Arnold,* attorney general (*Kathleen A. McGuire,* senior assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

BROCK, C.J. The defendant was convicted of burglary, a class A felony (RSA 635:1), and argues on appeal that the Superior Court (*McHugh,* J.) improperly admitted into evidence at his trial a hotel receipt which he asserts was inadmissible hearsay. We affirm.

During the night of April 20–21, 1987, an intruder entered "Dave's Texaco" service station in Rochester, pried the metal backing from the office safe, drilled into the safe's interior, and removed approximately $15,000. One night that same month, the defendant, Gary Sampson, visited the apartment of Noreen Gray and spoke with her in the bedroom. The defendant offered Gray some money from a roll of bills two to three inches thick while Gray's boyfriend, Daniel S. Hildreth, was sitting in the kitchen. The

defendant explained to Gray that he had "cracked a safe" and possessed money totalling "somewhere in the thousands." After Gray refused the money, the defendant left the apartment accompanied by Hildreth. The defendant spent the remainder of the night at Hildreth's apartment, where Hildreth counted the defendant's money and found it to be "around $15,000."

The two men agreed to "get away from Rochester for a little while" and decided to fly to Florida. They enlisted the assistance of Daniel Whitehouse to drive them to Logan Airport. During the ride, the defendant told Whitehouse that he had cracked a safe at a gas station in Rochester.

After staying in Ft. Lauderdale for three or four days, they went to Kissimmee, where the defendant paid in advance for a room at a Ramada Inn. The defendant left the hotel after three or four days, but Hildreth stayed one additional day and kept the room receipt when he checked out.

In June, 1987, Hildreth was stopped for a motor vehicle violation in New Hampshire. He told police that he had information regarding the Rochester break-in and gave them the hotel receipt. The receipt did not state the name or location of the hotel, but listed the room occupant as "Grary (sic) Sampson" and the dates of occupancy as April 24–27. The receipt also listed long distance phone calls dialed from the room to two different New Hampshire numbers. The police discovered that one of the numbers belonged to the defendant's girl friend; the other belonged to Hildreth's father-in-law.

Hildreth testified at the jury trial of the defendant. According to Hildreth, while they were in Florida, the defendant told him that he had "broken into a gas station across from the Fire Department. . . . [i]n Rochester" and that "he kicked in the back door and he went inside, used a screwdriver to peel open the back of the safe and pulled, took the money out of the safe."

After Hildreth identified the hotel receipt, an unrecorded bench conference was held at the request of defendant's counsel. Following the conference, the State elicited testimony describing the contents of the hotel receipt. The prosecutor asked that the receipt be marked and entered into evidence. The defendant's counsel made a non-specific objection, and the court responded by marking the receipt for identification pending a later ruling on whether it would become an exhibit.

The State subsequently called Robert Pease, the police detective who arrested the defendant. He identified the hotel receipt and responded to questions in regard to the telephone numbers which

appeared on the receipt. The prosecutor again asked that the receipt be admitted into evidence. At the request of defendant's counsel, a second bench conference was held without record. Following the conference, the hotel receipt was marked and received into evidence without comment by the court.

After the State rested its case, the court acknowledged in chambers that the defendant had objected to having the receipt placed into evidence because it was inadmissible hearsay, and then permitted the defendant's counsel to record his reasoning. This was followed by the prosecutor's argument in support of admissibility. The court then placed on record its ruling that the hotel receipt was not hearsay because of the "reliability as to the contents of the document." The court further stated that the ability to cross-examine Hildreth "cured" any "troublesome areas" with respect to the receipt.

Upon submission of the case to the jury, a guilty verdict was returned and the defendant was subsequently sentenced to five to ten years in the New Hampshire State Prison.

The defendant argues on appeal, as he did below, that the hotel receipt was hearsay, offered to prove the truth of the matter asserted. He contends that it was the intent of the State to show that someone calling himself Gary Sampson stayed in a hotel from April 24–27, and that during that period telephone calls to New Hampshire were made from the room.

At trial, the State argued that the receipt was not hearsay because it had been "authenticated by a witness." The State asserted that the weight to be given the document was dependent upon the credibility of the witness. A review of the trial record does not reveal the specific reason why the receipt was offered. On appeal, the State contends that it was used to corroborate the testimony of the State's witnesses and to tie the defendant circumstantially to the burglary.

Hearsay is an "extrajudicial statement offered in court to show the truth of the matter asserted in the statement." *State v. Woods*, 130 N.H. 721, 725, 546 A.2d 1073, 1075 (1988); N.H. R. Ev. 801(c). Such a statement may not be hearsay if it is the prior statement made by a witness or an admission by an opposing party. N.H. R. Ev. 801(d). Hearsay evidence is not admissible unless it falls into certain well-delineated exceptions. *Woods supra*; N.H. R. Ev. 802. Whether a statement offered into evidence constitutes hearsay is a question for the trial court, and we will not overturn its decision unless it is clearly erroneous. *State v. McPherson*, 127

N.H. 826, 828, 508 A.2d 1076, 1078 (1986); *State v. Shannon*, 125 N.H. 653, 659, 484 A.2d 1164, 1170 (1984).

We cannot agree with the trial court's ruling that the receipt was not hearsay. The receipt was an out-of-court statement. The declarant did not testify at trial. The receipt was neither a prior inconsistent statement of a witness nor an admission by a party opponent. The State admits that the hotel receipt was employed to show that the defendant "was in Florida on the dates listed on the receipt." Whether the State wishes to use the words "corroborate" or "tie circumstantially," the fact is that the receipt was used to prove what it asserted.

When the court ruled in favor of admitting the receipt, it found that the receipt was not hearsay based upon the reliability of the document, as substantiated by the testimony of Hildreth. We find no support in the Rules of Evidence for the court's ruling that a hearsay document, given adequate indicia of reliability, is thus converted to non-hearsay. Generally, hearsay which is sufficiently trustworthy qualifies for admissibility under a hearsay exception. *See* N.H. R. Ev. 803. For example, the State may have offered the hotel receipt under the business records exception. N.H. R. Ev. 803(6). We note, however, that no claim was made that the receipt was Hildreth's business record, nor that he was custodian insofar as it may have been the record of any other business entity. *See Wallace v. Lakes Region Const. Co., Inc.*, 124 N.H. 712, 715–16, 474 A.2d 1037, 1039 (1984). The court could have also considered admission under Rule 803(24), the broad exception which permits hearsay statements which have circumstantial guarantees of trustworthiness to be admitted into evidence. N.H. R. Ev. 803(24). But, there is no record that the State offered the receipt as a hearsay exception, and it is clear that the court makes no mention of an exception in its ruling.

We note that the two bench conferences during trial may have included discussion in regard to the admissibility of the hotel receipt, but the failure to make a record of those conferences leaves us only to speculate. Our review of whether the trial court committed error is limited by the record presented, and we will not base our findings upon mere speculation. *State v. Staples*, 120 N.H. 278, 284, 415 A.2d 320, 324 (1980).

The trial judge clearly erred in admitting the hotel receipt into evidence. Although it may have been admissible under a hearsay exception, we conclude on the record before us that the

receipt was hearsay and that the court was incorrect in declaring it non-hearsay.

 The remaining issue is whether this error was harmless. The erroneous admission of hearsay evidence is harmless when it can be said beyond a reasonable doubt that the verdict was not affected. *State v. Ruelke,* 116 N.H. 692, 694, 366 A.2d 497, 498 (1976). In evaluating whether the outcome was affected by the introduction of the receipt, we consider the other evidence presented at trial. *State v. Dellorfano,* 128 N.H. 628, 637, 517 A.2d 1163, 1169 (1986).

At trial, three separate witnesses stated that the defendant had made admissions in regard to robbing a safe. Further evidence was presented that the defendant had in his possession a substantial amount of money around the time the robbery was committed. The hearsay assertions on the hotel receipt did not relate directly to the commission of the offense. They dealt only with the whereabouts of the defendant after the crime had been committed. Testimony in regard to the existence of the receipt, the dates and telephone numbers appearing on the receipt, and the use of the receipt by the police was admitted without objection. The receipt may have had a corroborating effect, but the hearsay assertions were entered into evidence through testimony and were uncontroverted at trial. The introduction of the actual hotel receipt did not expose the jury to otherwise undisclosed information. The jury could not have drawn different inferences from the evidence if the receipt had not been admitted. *See State v. Ruelke,* 116 N.H. at 694, 366 A.2d at 498.

 The overwhelming quantity of the other evidence presented at trial leads us to conclude that the introduction of the hotel receipt did not affect the outcome of the defendant's trial. Accordingly, we hold that the introduction of the hearsay evidence, although error on the part of the trial court, was harmless beyond a reasonable doubt.

*Affirmed.*

All concurred.