Carroll
No. 90-348

THE STATE OF NEW HAMPSHIRE

v.

ALONZO GUAJARDO

March 25, 1992

*John P. Arnold*, attorney general (*Mark S. Zuckerman*, assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, Alonzo Guajardo, was convicted after a jury trial in Superior Court (*Mohl*, J.) on three charges of felonious sexual assault, RSA 632-A:3, and one charge of criminal restraint, RSA 633:2. Challenging his convictions, the defendant argues that his right to counsel was violated when an officer engaged in the functional equivalent of questioning after he had asserted his right to counsel, and that his sixth amendment right to a public trial was violated when the courtroom was closed to the public during the testimony of the fourteen-year-old victim. Finding no error, we affirm.

A general recitation of facts is unnecessary to our review of the defendant's arguments. The defendant first asserts that his right to the assistance of counsel during custodial interrogation was violated when an officer engaged in the functional equivalent of questioning after the defendant had asserted his right to counsel. The State maintains that the officer's comment was not "the functional equivalent of questioning" and, therefore, that the trial court did not err in denying the defendant's motion to suppress his incriminating response.

While at the police station, the defendant was advised of "what he was there for" and of his *Miranda* rights. The defendant requested the assistance of counsel and indicated that he did not want to say anything. Subsequently, while at a local hospital for a collection of evidence procedure, a police officer who had been present when the defendant requested counsel told him that two additional charges would probably be filed against him. The defendant responded: "How much time am I looking at?" This response was admitted at trial.

■ "When a suspect who is in custody for *Miranda* purposes requests an attorney, police must cease all questioning and its functional equivalents." *State v. Dedrick*, 132 N.H. 218, 226, 564 A.2d 423, 428 (1989), *cert. denied*, 110 S. Ct. 1305, 1308 (1990) (citing *Rhode Island v. Innis*, 446 U.S. 291, 297–301 (1980)). The State concedes that the defendant was in custody. Therefore, the only question for our review is whether the police engaged in the functional equivalent of questioning after the defendant asserted his right to counsel.

■ ■ The functional equivalent of questioning occurs when police officers use words that they should know are reasonably likely to elicit an incriminating response. *Dedrick*, 132 N.H. at 226, 564 A.2d at 428. Viewing the officer's statement from the reasonable perception of the suspect, *Innis*, 446 U.S. at 297–302, we cannot say that the officer should have known that his comment was reasonably likely to

elicit an incriminating response. The officer could have reasonably assumed that the defendant would respond just as he did at the police station to statements about the pending charges; namely, with silence. Because the trial court applied the proper legal standard and because its factual findings were sufficient and not contrary to the manifest weight of the evidence, *Dedrick*, 132 N.H. at 226, 564 A.2d at 428, we find no error in its denial of the defendant's motion to suppress the incriminating statement.

The defendant next argues that the trial court violated his sixth amendment right to a public trial by closing the courtroom to the public during the fourteen-year-old victim's testimony. We disagree.

RSA 632-A:8 provides that "[i]n the cases where the victim is under 16 years of age, the victim's testimony shall be heard in camera unless good cause is shown by the defendant. The record of the victim's testimony shall not be sealed and all other testimony and evidence introduced during the proceeding shall be public." The trial court properly acknowledged that the statute should be construed in light of the sixth amendment.

■ In *Waller v. Georgia*, 467 U.S. 39 (1984), the United States Supreme Court held that under the sixth amendment any closure of a suppression hearing must meet the tests set out in *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1984). *Waller*, 467 U.S. at 47. The Court likened suppression hearings to bench trials and stated that the same considerations apply to both in this area. To meet the requirements of *Waller*, "the party seeking to close the [courtroom] must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding; and it must make findings adequate to support the closure." *Id.* at 48.

■■ Under the first prong of the test, the prosecution must "advance an overriding interest that is likely to be prejudiced." *Waller*, 467 U.S. at 48. Where the victim is under sixteen years of age, the State has a compelling interest in safeguarding the minor's physical and psychological well-being. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982). That interest alone does not justify mandatory closure, however. The trial court must "determine on a case-by-case basis whether closure is necessary to protect the welfare of a minor victim." *Id.* at 608. In making this determination, the trial court may consider "the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the

victim, and the interests of parents and relatives." *Id.* Here, the trial court heard testimony from the victim's guardian ad litem that "this is an exceedingly difficult matter for her to talk about, even in front of just me, that the more individuals that are here, the more difficult that becomes. . . . [I]t is not going to be an easy thing." The victim/witness coordinator, who had met with the victim at least three times a month since the beginning of the case, testified that the witness was "very sensitive" and "very shy," and that "if somebody she doesn't know comes into the room, she will withdraw." She added that the victim was very nervous about testifying in court and that, in her opinion, closing the courtroom would be in the victim's best interest. After hearing this testimony, the trial court asked the guardian ad litem to speak with the victim about closing the courtroom. The guardian ad litem reported that the victim wanted the victim/witness coordinator to be present but no one else, other than those people who had to be there. After hearing this testimony, the trial court found an "overriding interest that is likely to be prejudiced." We cannot say that the court abused its discretion in so finding.

The defendant concedes that the second prong of the *Waller* test, that closure be no broader than necessary to protect the interest, has been met, because the courtroom was closed only during the testimony of the minor victim. Further, the trial court ordered an expedited transcript of the victim's testimony, which was available for public inspection.

■ The defendant asserts that the third prong of *Waller*, which requires the court to consider reasonable alternatives to closing the proceeding, was not met, because "the trial court failed to consider the most reasonable alternative—to allow the minor witness to testify in open court up to the point where she might have appeared to be suffering emotional or physical trauma." We specifically reject the notion that the trial court must withhold action on a closure request until the victim is on the stand and becomes unable to testify. "Such a requirement would unnecessarily subject the witness to the sort of emotional trauma that the exclusion of spectators is intended to avoid." *State v. Santos*, 413 A.2d 58, 63 (R.I. 1980).

The defendant lastly maintains that *Waller's* fourth prong, that the trial court make findings adequate to support closure, was not met. *Press-Enterprise* requires only that findings be "specific enough that a reviewing court can determine whether the closure order was properly entered." 464 U.S. at 510. The trial court found as follows:

"[B]ased on what I have heard, the Court does find that the nature of the sexual offenses alleged in this case, coupled with the age of the victim, and her personality, as has been testified to, that closure is in the victim's best interests. There is no doubt in my mind that it would be difficult for the victim in this case to testify about these matters in front of the persons whose presence is essential. And if others were to be present, then it seems to me that her testimony would be that much more difficult, and traumatic. Therefore, I will be concerned about the affect [*sic*] on her testimony."

█ The trial court made specific findings articulating its basis for determining that the presence of non-essential persons in the courtroom would traumatize the victim and affect the victim's testimony. Consequently, the closure order was not an abuse of the trial court's discretion.

*Affirmed.*

All concurred.