THE STATE OF NEW HAMPSHIRE

v.

CHARLES KEITH

December 31, 1992

*John P. Arnold*, attorney general (*John A. Stephen*, assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief for the defendant.

JOHNSON, J. The defendant, Charles Keith, was convicted of driving under the influence of alcohol, RSA 265:82. In this appeal, he argues that the Superior Court (*Smith*, J.) erred in admitting the

complete statement of a nontestifying witness after the defendant introduced part of the statement. We affirm.

The defendant's conviction was based on evidence that he was intoxicated when he emerged from a single-car accident on Interstate 93. His defense was that he was not the driver, but a passenger, and that the driver had left the scene and had gone "down over the bank." Four firefighters and ambulance crew members searched the area but could find no one.

Witnesses who testified included Ashland Deputy Fire Chief Carlton Abear, who arrived in a pickup truck with flashing emergency lights just after the accident, and Ashland Police Officer Charles Tarr, who arrested the defendant for driving while intoxicated. Each witness testified that the defendant was intoxicated or "under the influence of alcohol" at the scene.

During cross-examination of Officer Tarr, the defendant introduced a part of the statement of a nontestifying witness, John Grosser. Grosser was the driver of a vehicle who stopped near the accident shortly before Abear arrived. The State did not object to the defendant's use of part of Grosser's statement, but introduced the remainder during redirect examination of Tarr. The propriety of admitting the entire Grosser statement during redirect is the issue on appeal.

The complete Grosser statement is reproduced below. In plain text are parts Tarr was asked to read aloud during the defendant's cross-examination, and underscored are portions introduced through the State's redirect examination of Tarr:

"I was on I-93 northbound. I got on at Exit 23. I drove a Ford F150. I had a load on my truck, so I was traveling approximately 60 miles an hour. A small car passed me going 75 to 80 miles per hour. He cut in front of me, swaying back and forth. I said to my passenger that he's either drunk or very tired, driving like that. It must have been around 6:50 a.m.

"As I got to Exit 24, I saw the same car upside-down in the center strip. I seen the driver and the only person in the car get out of the car. Then he crossed in front of me and asked if we could give him a ride to his brother's. I asked [him] if he was all right and he stated 'Yes.' I told him I would not give him a ride, but I would call the police for him. He said 'Okay.' So I drove off.

"As I got [approximately] 200 feet from him, he ran into the woods. I stopped and he stopped and walked back to the

road. A pickup with emergency lights on it came along and I waved to him so he could see the car. He [then] drove up to it. I turned around and headed back to where I was going. The driver was a white male, approximately 190 to 205 pounds. He had brownish hair. There was no one else in the car when it passed me just north of Exit 23."

The defendant contends that the trial court erred in admitting the entire statement under New Hampshire Rule of Evidence 106 because the part presented during cross-examination expressed Grosser's complete report on who arrived first at the scene, and the remainder was unnecessary for placing the part in perspective. The defendant asserts that reversible error resulted from admission of Grosser's opinion that only one person was in the car, and that the driver was "drunk or very tired."

Rule 106 states:

"When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

Rule 106 permits introduction of remaining parts of a recorded statement "in order to prevent the misleading impression given by an out-of-context presentation from taking root." N.H. R. Ev. 106 reporter's note (quotation omitted). The trial court has discretion under Rule 106 to determine whether "fairness" requires admission of remaining parts or related documents. *See* 1 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 106[2], at 106–17 (1992); *cf. State v. Crosman*, 125 N.H. 527, 531, 484 A.2d 1095, 1098 (1984) (noting that rule of verbal completeness permits parties to introduce remainder of statement so far as it relates to same subject matter and is not prejudicial). Although Rule 106 is not an automatic rule of admissibility, *see United States v. Pendas-Martinez*, 845 F.2d 938, 944 (11th Cir. 1988), we have held that a trial court may admit otherwise inadmissible evidence to counter a misleading advantage if a party has "opened the door" to such evidence. *See State v. Norgren*, 136 N.H. 399, 401–02, 616 A.2d 505, 507 (1992); *Crosman*, 125 N.H. at 530–31, 484 A.2d at 1097–98.

We first consider whether error resulted from admission of parts of the Grosser statement which indicate that only one person was in the car. When Tarr read aloud part of Grosser's statement at

the defendant's request, he omitted the phrase "and he stopped" from Grosser's description of what happened after the person from the overturned car ran into the woods. This omission generated the misimpression that Grosser saw someone run into the woods, never to return. The defendant's use of Grosser's statement to indicate that Abear did not arrive at the scene until after Grosser compounded the omission's misleading effect. Abear testified that someone from the car ran into the woods and returned to the road; the jury could have inferred on the basis of Tarr's omission that Grosser and Abear saw different people. Because the defendant's misidentification defense achieved a misleading advantage from an incomplete presentation of Grosser's statement, we find no error in admitting remaining parts indicating that only one person was in the car. *See* N.H. R. Ev. 106; *Norgren*, 136 N.H. at 401–02, 616 A.2d at 507.

▉ We decline to consider whether Rule 106 or the "opening the door doctrine" permitted admission of Grosser's opinion that the driver was "drunk or very tired." Defense counsel objected at trial only "to that portion of the statement which suggests that my client was driving the car out on Route 93." This did not inform the trial court of any objection based on introduction of Grosser's description of the driver's condition. We find this issue not properly preserved for our review. *See State v. Johnson*, 130 N.H. 578, 587, 547 A.2d 213, 218 (1988).

*Affirmed.*

All concurred.