Strafford
No. 91-470

THE STATE OF NEW HAMPSHIRE

v.

JOHN P. MCSHEEHAN, JR.

May 11, 1993

*John P. Arnold*, attorney general (*Janice K. Rundles*, assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

BATCHELDER, J. The defendant, John P. McSheehan, Jr., was found guilty on two indictments charging aggravated felonious sexual assault, RSA 632-A:2, after trial by jury in Superior Court (*Dickson*, J.). Two issues are presented on appeal: whether it was error to mark as evidence the victim's discovery deposition and submit it to the jury for substantive use; and whether it was an abuse of discretion to preclude the defendant from introducing certain post-arrest statements by him when he was not a witness at the trial. Because we reverse and remand for a new trial on the first issue, we do not reach the second.

In February and March 1990, the victim, then fifteen years old, had a relationship with the defendant which involved sexual activity. The relationship ended, and they saw little of each other thereafter except for occasional chance meetings, a few telephone communications, one or two letters, and when the defendant performed some work on the victim's automobile. At approximately two o'clock in the morning on September 28, 1990, for reasons not important for our consideration, the victim found herself with no place to sleep. She appeared at the defendant's quarters in Rochester and upon her request was offered a couch upon which to spend what remained of the night. She arose early in the morning in order to drive home to get ready for school. The events giving rise to the indictments took place shortly after she awoke that morning. Upon leaving the defendant's premises, the victim drove to the residence of her then current boyfriend where she met him and a female friend and reported that she had been assaulted. Later that day she submitted to a "rape kit" examination at the local hospital. She subsequently gave a statement to the police.

The defendant was charged with forcing vaginal and oral sex against the will of the victim, then sixteen years old, by the use of physical force and threats. The trial was held in August 1991. Although he did not testify at his trial, the defendant claimed, through his opening statement and closing argument, that the victim consented to having sexual relations with him on the date in question. Defense counsel attempted to impeach the victim on cross-examination with inconsistent statements she had made at a discovery deposition in May 1991.

In an attempt to rehabilitate the victim, the State offered the entire deposition into evidence as a prior consistent statement. Over the defendant's objection, the trial judge admitted seventy-nine pages of the ninety-one page deposition substantively as a full exhibit, without an instruction limiting its use to rehabilitation of the witness's credibility. In so doing, he expressly relied on New Hampshire Rules of Evidence 106 and 801(d)(1)(B) and on *State v. Dean*, 129 N.H. 744, 533 A.2d 333 (1987).

██ Rule 106 provides:

"When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

The rule permits introduction of the remaining parts of a recorded statement "in order to prevent the misleading impression given by an out-of-context presentation from taking root." *State v. Keith*, 136 N.H. 572, 574, 618 A.2d 291, 292–93 (1992) (quotation omitted). The four statements in the deposition with which defense counsel sought to impeach the witness were minor inconsistencies with respect to (a) whether she sat down next to the defendant on the floor or whether he pushed her down; (b) whether she did or did not attempt to scratch the defendant with her fingernails; (c) whether her pants had been pulled down to her knees or mid-thighs; and (d) whether her boyfriend or someone else had called the police. It cannot plausibly be argued that the defendant would have "achieved a misleading advantage from an incomplete presentation of [the] statement," *Keith*, 136 N.H. at 575, 618 A.2d at 293, if the trial court had not admitted the remainder of the deposition. The evidence was not properly admissible under Rule 106. *Cf. Whitman v. Morey*, 63 N.H. 448, 454–55, 2 A. 899, 903 (1885) ("so much of the deposition as pertained to the same subjects . . . is admitted to render that introduced by the other side intelligible, and to prevent a party from being prejudiced by an extract which would be misunderstood unless the context were supplied.")

Furthermore, the trial court's reliance on Dean for admissibility of the entire deposition was erroneous. That case stands for the common-law, nonsubstantive use of prior consistent statements to rehabilitate a witness whose credibility has been attacked, when limiting instructions are provided to the jury. *Dean*, 129 N.H. at 750, 533 A.2d at 337; *see State v. Morales*, 136 N.H. 616, 619–20, 620 A.2d 1034, 1036–37 (1993) (relying on *Dean* and finding that trial "court's careful limiting instructions protected the defendant against unfair prejudice by ensuring that the jury would not use the statement for any purpose other than to evaluate the credibility of the victim's testimony"). Because the deposition here was admitted as substantive evidence without limiting instructions, *Dean* cannot be a proper ground for its introduction as a prior consistent statement. The statement was only admissible, therefore, if it met the requirements of Rule 801(d)(1)(B).

Rule 801(d)(1)(B) provides that prior statements by a witness that are consistent with the witness's in-court testimony, and are "offered to rebut an express or implied charge against [him] of recent fabrication or improper influence or motive," are not hearsay and may be introduced as substantive evidence. N.H. R. Ev. 801(d)(1)(B). Until now we have not had occasion to decide the meaning of "recent

fabrication" and the question whether the prior statement must have predated the alleged fabrication. Courts appear to be divided on this issue, and the State urges us to adopt the view of those courts that have not insisted on a requirement that the prior consistent statements precede the time that the charged motive to falsify arose. *See, e.g., United States v. Montague,* 958 F.2d 1094, 1097–98 (D.C. Cir. 1992).

 In allowing prior consistent statements to counter the suggestion that a witness changed his or her story at trial, the rule limits substantive use of these statements "to situations where the prior statement is most likely to have high probative value." 4 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE § 801(d)(1)(B)[01] at 801–188 (1992). "Evidence that merely shows that the witness said the same thing on other occasions when his motive was the same does not have much probative force, for the simple reason that mere repetition does not imply veracity." *Id.* at 801–188 to 801–189 (quotation omitted). For this reason we conclude that the sounder rule is that "only prior consistent statements that tend to rebut the charge [of fabrication], *i.e.,* those made prior to the time that the supposed motive to falsify arose, are admissible under [Rule 801(d)(1)(B)]." *State v. True,* 438 A.2d 460, 465 (Me. 1981); *accord United States v. Quinto,* 582 F.2d 224, 232 (2d Cir. 1978); *State v. Roy,* 140 Vt. 219, 227, 436 A.2d 1090, 1094 (1981); *cf. United States v. Vest,* 842 F.2d 1319, 1329–30 (1st Cir.) (upholding trial court's finding that prior consistent statements "were made before [the witness] acquired a motive to fabricate"), *cert. denied,* 488 U.S. 965 (1988). To be admissible as a prior consistent statement, therefore, the deposition must have predated the witness's purported motive to falsify.

The cross-examination of the complaining witness shows that the defense was not charging the alleged victim with a motive to fabricate arising since the time of her deposition. Rather, the defense theory was consent, and that the sexual assault allegation was fabricated from the start. Although we were not provided with a record of the opening statements, the prosecutor represented during a bench conference that the "defense in their opening has suggested that the victim has made this up for motives relating to her own boyfriend"; the trial judge himself noted that defense counsel's opening statement accused the victim of fabricating the charges. In a similar case, *Gibbons v. State,* 97 Nev. 299, 629 P.2d 1196 (1981), the prosecution sought to admit a rape victim's statements, made to police matrons shortly after the alleged assault, to rebut charges of fabrication implied on cross-examination. The court, noting that the defense had

implied that the victim consented to the relationship and charged rape from a motivation to avoid embarrassment or seek revenge, stated:

"If such were the victim's motive, it is very likely that it was formed at the scene and before her interview with the police matrons; thus it is difficult to say that the consistent and corroboratory statements to the police were made at a time when the victim had no motive to fabricate."

*Id.* at 301–02, 629 P.2d at 1197. The statements were held inadmissible due to the absence of an affirmative showing that the suggested motive to fabricate did not exist at the time the statements were made. *Id.* at 302, 629 P.2d at 1197; *see State v. True*, 438 A.2d at 466 (where consistent statements made after victim allegedly would have developed motive to fabricate charge of rape, "[a]ll one can say is that [she] has told a consistent story since" that time).

Here, the prior consistent statement, the discovery deposition taken almost eight months after the alleged incident, was made well after the time when the complaining witness's alleged motive to lie would have arisen. It was therefore erroneously admitted as substantive evidence pursuant to Rule 801(d)(1)(B).

■■ In order to conclude that the error in introducing this evidence was harmless, we must be convinced beyond a reasonable doubt that it did not affect the verdict. *State v. Sampson*, 132 N.H. 343, 348, 565 A.2d 1040, 1043 (1989). We are not so convinced. The State's case rested almost entirely on the credibility of the complaining witness. Her deposition did more than bolster that credibility. A detailed recounting of the alleged incident, the seventy-nine-page deposition was, as the defendant argues, essentially an outline of the State's case given to the jury to consider as an exhibit. We cannot find this harmless beyond a reasonable doubt.

*Reversed and remanded.*

THAYER, J., dissented; the others concurred.

THAYER, J., dissenting: While I agree that the trial court erred, I believe that cumulative evidence offered through the victim's prior deposition constitutes harmless error. Accordingly, I dissent.