Hillsborough
No. 92-040

THE STATE OF NEW HAMPSHIRE

v.

STEPHEN WEBER

May 11, 1993

*John P. Arnold,* attorney general (*Janice K. Rundles,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J.   The defendant was convicted of aggravated felonious sexual assault, RSA 632-A:2, XI, and felonious sexual assault, RSA 632-A:3, and sentenced by the Superior Court (*Goode,* J.) to serve seven and one half to fifteen years. He appeals, arguing that the trial court violated his constitutional right to a public trial by requiring him to show good cause why the courtroom should not be closed during the victim's testimony. We agree with the defendant and remand to the trial court to apply the proper legal standard to the existing record.

The defendant was charged with two counts of sexual assault on a six-year-old girl. Prior to trial, the defendant filed a motion for the victim's testimony to be heard in open court based on RSA 632-A:8 (1986), which provides:

"In the cases where the victim is under 16 years of age, the victim's testimony shall be heard in camera unless good cause is shown by the defendant. The record of the victim's testimony shall not be sealed and all other testimony and evidence introduced during the proceeding shall be public."

In his motion and during the closure hearing held on October 7, 1991, the defendant argued that placing the burden of proof on him to show good cause why the courtroom should be open violated his right to a fair and public trial under part I, article 15 of the New Hamp-

shire Constitution and the sixth and fourteenth amendments to the Federal Constitution.

In response to the defendant's arguments, the prosecutor stated that the defendant "needs to meet a burden set forth by a statute .... [T]he intent of the statute is if the defendant can show you good cause why his interest in a public trial outweighs the interests protected by that statute," then the courtroom would be open during the victim's testimony. The prosecutor explained that the victim was extremely embarrassed about what had happened to her and that it was traumatic for the girl to talk about it; whenever the victim was interviewed, the prosecutor would ensure that only she and the victim were present in the room before asking the victim about the assault. After describing the victim's embarrassment, the prosecutor again referred to the statute and argued that "no good cause has been shown through the defendant's argument."

The prosecutor next discussed federal precedent placing the burden on the State to demonstrate an overriding interest in closing courtrooms, and concluded by saying that "in this case we have met our burden of showing you that there is an interest here to be protected." The court then heard from the guardian ad litem who stated that "[t]his is a very painful situation for" the victim and that the presence of any nonessential court personnel in the courtroom during the victim's testimony would "make an excruciating situation even more so for a child."

At the end of the hearing on the defendant's motion to have an open courtroom during the victim's testimony, the court ruled:

> "Having considered counsels' arguments, I am persuaded by, and hereby adopt the arguments of the State and the Guardian.
>
> I find that the defendant has failed to establish the required good cause provided for in RSA 632-A:8. The defendant's motion is accordingly denied."

The defendant contends that this ruling violated his right to a public trial under both the State and Federal Constitutions. In a case decided after the defendant's conviction, we described the analysis that should be followed by the trial court when it is faced with a request to close the courtroom during a minor victim's testimony in a sexual assault case. *See State v. Guajardo,* 135 N.H. 401, 605 A.2d 217 (1992). Because Guajardo was decided under the sixth amendment to the Federal Constitution, we must now decide whether the State Constitution provides additional protection to the defendant. *See State v. Ball,* 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

■ The Federal Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend. VI. Our State Constitution does not contain a similar clause, but part I, article 15 has been held to guarantee a defendant's right to a public trial. *See Martineau v. Helgemoe*, 117 N.H. 841, 842, 379 A.2d 1040, 1041 (1977). The defendant's right to a public trial, however, is not absolute. *See Waller v. Georgia*, 467 U.S. 39, 48 (1984) (courtroom can be closed where party seeking closure advances overriding interest likely to be prejudiced); *Guajardo*, 135 N.H. at 406, 605 A.2d at 220–21 (upholding closure of courtroom during minor victim's testimony on sexual assault).

■ In enacting RSA 632-A:8, the New Hampshire Legislature recognized that a defendant's right to a public trial is not the only consideration to be weighed by a trial court faced with a request to close the courtroom during a criminal trial. In a case of sexual assault against a minor, the State has an interest in protecting the victim's physical and psychological well-being. *Guajardo*, 135 N.H. at 404, 605 A.2d at 220. That interest does not, however, justify a rule requiring closure of the courtroom in all such cases. Rather, the trial court must balance these interests on a case-by-case basis in ruling on a request to close the courtroom. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 608, 610–11 (1982) (statute violated first amendment rights of press and the public by requiring closure in all cases instead of making determination on case-by-case basis).

In *Waller v. Georgia*, the United States Supreme Court addressed a defendant's right to a public trial under the sixth amendment and stated that "there can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and public." *Waller*, 467 U.S. at 46. The Court adopted a four-prong test in *Waller*, with the first prong requiring the party seeking closure to demonstrate an overriding interest that is likely to be prejudiced. *Id.* at 48 (adopting test of *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501 (1984)).

■ In *Guajardo*, we applied *Waller*'s four-prong test and noted that RSA 632-A:8 should be construed in light of the sixth amendment. *Guajardo*, 135 N.H. at 404–05, 605 A.2d at 219. Accordingly, the statute should also be construed in light of part I, article 15 of the New Hampshire Constitution. The statute raises a presumption that the victim's testimony will always be heard *in camera* unless the defendant can show "good cause" why the testimony should be heard

in open court. *See* RSA 632-A:8. Thus, even in cases where the defendant asserts his or her constitutional right to a public trial, the statute places upon the defendant the burden of showing why that right should be honored. We hold that RSA 632-A:8 does not comport with part I, article 15 of the New Hampshire Constitution or the sixth amendment to the Federal Constitution to the extent that it requires the defendant to bear the burden of proof when the State is the party seeking to close a courtroom.

■  In the case before us, the State made repeated references to the defendant's burden to show why the victim's testimony should not be heard *in camera*. The trial court ruled on the defendant's motion for an open courtroom by concluding that "the defendant has failed to establish the required good cause provided for in RSA 632-A:8." By requiring the defendant to bear the burden of proof when the State was the party seeking closure, the trial court erred and violated the defendant's right to a public trial.

■  Having concluded that the defendant's right to a public trial was violated, we must address the remedy to be afforded for such a violation. While the defendant need not show prejudice as a result of a violation of his constitutional right, he is not entitled to an automatic reversal of his conviction and a new trial. *Waller*, 467 U.S. at 49–50. In *Waller*, the defendant's rights were violated when a suppression hearing was closed to the public. The Court held that "the remedy should be appropriate to the violation. If, after a new suppression hearing, essentially the same evidence is suppressed, a new trial presumably would be a windfall for the defendant, and not in the public interest." *Id.* at 50.

■  We interpret the State Constitution to afford the same remedy for this constitutional violation as for a violation of the Federal Constitution. The appropriate remedy in this case is to remand to the trial court for a hearing in which the court should apply the four-prong test applied in *Guajardo* to the existing record. The State takes the position that a new trial is required if the trial court determines that the courtroom should not have been closed during the victim's testimony.

*Remanded.*

All concurred.