Grafton
No. 97-482

THE STATE OF NEW HAMPSHIRE

v.

TIMOTHY SCOVILL

December 8, 1999

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices*, of Chichester, (*Mark L. Sisti* on the brief and orally), for the defendant.

THAYER, J. The defendant, Timothy Scovill, appeals his conviction on two counts of felonious sexual assault in violation of RSA

632-A:3 (1996) (amended 1997) following a jury trial, arguing that the Superior Court (*Smith*, J.) erred in admitting the complainant's journal as substantive evidence rather than as impeachment evidence. We reverse and remand.

The following facts were adduced at trial. The complainant and the defendant first met in December 1995. A few days later, the complainant and the defendant met again, and she disclosed to him that she was thirteen years old. The defendant informed her that he was thirty-two years old.

Shortly thereafter, the complainant started baby-sitting for the defendant's daughter. While the complainant was baby-sitting, the defendant asked if he could kiss her. When she did not respond, he pulled her over and kissed her. The next time she baby-sat, the complainant and the defendant engaged in sexual intercourse. The defendant told the complainant that he did not want her to inform anyone. Thereafter, almost every time the complainant baby-sat for the defendant's daughter, the complainant and defendant engaged in sexual intercourse. In addition, the defendant performed cunnilingus on the complainant.

The complainant kept a journal in which she recorded her encounters with the defendant. Her mother discovered the journal and turned it over to the police. The defendant was charged with two counts of felonious sexual assault in violation of RSA 632-A:3.

At trial, the court ruled that the journal was admissible under New Hampshire Rule of Evidence 801(d)(1)(B). The journal contained entries depicting the complainant's daily activities, letters, and a partially drafted short story. Part of the journal was redacted. The remaining seventeen entries, seven letters (including three addressed to the defendant), and the short story were given to the jury during its deliberations. The entries and letters repeatedly detailed the complainant's sexual relations with the defendant. The jury found the defendant guilty. The defendant appeals.

On appeal the defendant contends that the trial court erred in allowing portions of the complainant's journal to be admitted as substantive evidence under New Hampshire Rule of Evidence 801(d)(1)(B). Rule 801(d)(1)(B) provides that a statement is not hearsay if the "declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."

The State concedes that the trial court erroneously relied upon Rule 801(d)(1)(B) in admitting the journal into evidence. The State

contends, however, that an alternative ground exists to permit us to uphold the trial court's admission of the complainant's journal into evidence. *See State v. Coppola*, 130 N.H. 148, 153, 536 A.2d 1236, 1239-40 (1987), *remanded for new trial on other grounds sub nom. Coppola v. Powell*, 878 F.2d 1562 (1st Cir.), *cert. denied*, 493 U.S. 969 (1989).

The State relies upon New Hampshire Rule of Evidence 106 as an alternative ground for upholding the trial court's ruling. Rule 106 provides

> [w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

The State contends that the defendant used excerpts from the journal to impeach the complainant's credibility. According to the State, as a matter of fairness, Rule 106 permitted it to offer the unredacted portions of the journal to rehabilitate the complainant's credibility through prior consistent statements contained in the journal.

In deciding on appeal whether the submission of an entire document to the jury can be upheld under Federal Rule of Evidence 106, which is essentially identical to New Hampshire Rule of Evidence 106, some courts consider whether one party read from part of the document to suggest that a witness's testimony was inconsistent with the document or to otherwise attack the witness's credibility with part of the document. *See, e.g., United States v. Pendas-Martinez*, 845 F.2d 938, 943-44 (11th Cir. 1988). In addition, those courts consider whether the party's use of the document was so extensive as to be tantamount to introduction of the document into evidence. *Id.* The rationale underlying this approach is that fairness requires admission of the entire document. *See id.* We need not decide whether to interpret New Hampshire Rule of Evidence 106 so broadly.

The State first bases the admissibility of the unredacted portions of the journal under Rule 106 on the fact that during cross-examination of the complainant, the defendant attempted to impeach the complainant's testimony as to who was present when the defendant asked her to perform fellatio on him. At trial, defense counsel had the complainant read the following from a March 9, 1996, journal entry:

Q. Could you read to the jury what it says there?

A. Back to the car ride to the library. The whole way [the defendant] was talking about me [performing fellatio.] If Jeff wasn't there, I could [have] come out with some smart remarks.

Defense counsel then proceeded to question the complainant as to who was present when the defendant asked her to perform fellatio on him. The complainant responded that she, the child for whom she baby-sat, the defendant, and the defendant's friend, Jeff, were present. We disagree with the State that the excerpt defense counsel had the complainant read necessitated "introduction of remaining parts of [the journal] in order to prevent the misleading impression given by an out-of-context presentation from taking root." *State v. Keith*, 136 N.H. 572, 574, 618 A.2d 291, 292-93 (1992) (quotation omitted). The only journal entry addressing the March 9, 1996, car ride was that which defense counsel had the complainant read at trial. The remaining journal entries did not address the March 9, 1996, incident and who was present. Because the remaining journal entries were silent concerning this event, we conclude that they would not have prevented a misleading impression from taking root.

As further grounds for admitting the unredacted portions of the journal under Rule 106, the State points to the fact that defense counsel questioned the complainant about a fictionalized account of the relationship between her and her step-brother contained in the journal and elicited from the complainant an admission that an entry was part truth and part fiction. The State also points to the fact that defense counsel asked the complainant about two letters from the journal in which she incorrectly stated the number of brothers she had. The State fails to elucidate where in the record this testimony can be found. *See* SUP. CT. R. 16(9). Furthermore, the State fails to show how the defendant's introduction of journal excerpts were taken out of context and therefore in fairness necessitated the admission of the unredacted portions of the journal so as "to prevent [a] misleading impression given by [the] out-of-context presentation from taking root." *Keith*, 136 N.H. at 574, 618 A.2d at 292-93 (quotation omitted); N.H. R. EV. 106 reporter's notes; *see United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986) (court has discretion to require counsel seeking admission of evidence under Rule 106 "to point to specific passages of the transcript that ought to have been admitted to avert the distorting effect of the portions already introduced by the government").

■ "Once a part of a document can be said to have been introduced, Rule 106 does not automatically make the entire document admissible." *Pendas-Martinez*, 845 F.2d at 944. "[I]t is consistently held that the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced." *Id.* We are not convinced that admitting the entire journal pursuant to Rule 106 was necessary to prevent a "misleading advantage from an incomplete presentation of the statement." *State v. McSheehan*, 137 N.H. 180, 183, 624 A.2d 560, 561 (1993) (brackets omitted). The State "fails to point to any specific portion of the [journal] introduced by defense counsel for which the remainder was relevant and necessary to harmonize the introduced portion." *Pendas-Martinez*, 845 F.2d at 944-45 (refusing to alternatively uphold admission of report to jury under Rule 106).

The State next relies on the common law rule of rehabilitation, arguing that the court acted within its discretion in admitting a prior consistent statement to rehabilitate a witness whose credibility had been impeached. *See State v. Dean*, 129 N.H. 744, 750, 533 A.2d 333, 337 (1987). In the case at bar, while a general instruction was given to the jury, it made no reference to the journal, but rather instructed the jury how a witness's credibility should be assessed. Furthermore, no limiting instruction was given to the jury that they should consider the journal "only for its consistencies or inconsistencies with the [complainant's] testimony, and not . . . consider the statement as substantive evidence." *Id.* The State's "reliance on *Dean* for admissibility of the entire [journal is] erroneous. That case stands for the common-law, nonsubstantive use of prior consistent statements to rehabilitate a witness whose credibility has been attacked, when limiting instructions are provided to the jury." *McSheehan*, 137 N.H. at 183, 624 A.2d at 561 (emphasis added).

■■ The State contends that the defendant failed to request a limiting instruction. Generally, a defendant must request a limiting instruction at trial in order to preserve that issue for appellate review. *See, e.g., State v. Simonds*, 135 N.H. 203, 207, 600 A.2d 928, 931 (1991). Here, however, the court admitted the evidence under Rule 801(d)(1)(B). Evidence admitted under Rule 801(d)(1)(B) is considered substantively. *See McSheehan*, 137 N.H. at 183, 624 A.2d at 562. The State has conceded that the court erred in basing the admissibility of the complainant's journal on Rule 801(d)(1)(B). The State now contends that the journal was admissible on the alternative ground of impeaching the complainant. Because the court

admitted the evidence substantively under Rule 801(d)(1)(B), the defendant was not on notice that he needed to request a limiting instruction. Under the circumstances, it would be unjust for us now to require him to have requested a limiting instruction that the evidence be only considered for impeachment when the trial court, over his objection, admitted the evidence substantively.

■ We disagree with the State that the lack of such an instruction had no adverse impact upon the defendant. According to the State, "[i]t is clear from the record that both parties were operating under the common assumption that evidence of the prior statements was being elicited for credibility purposes." Even assuming the State is correct, that does not mean that the jury understood that it should only consider the evidence for impeachment purposes and not substantively. *Cf. Davis v. State*, 94 N.H. 321, 323, 52 A.2d 793, 794 (1947) ("Crediting the jury with sound common sense, still it cannot be said . . . that they should have understood" the legal distinction absent a jury instruction). The journal contained numerous entries and letters written by the complainant detailing the fact that the defendant engaged in sexual intercourse with and performed cunnilingus on the complainant. To assume that the jury only considered the complainant's journal for impeachment purposes and properly ignored its substantive value defies logic.

■ The State has not argued in its brief that any error in the trial court's admitting the evidence at issue was harmless. *See State v. Kirsch*, 139 N.H. 647, 655, 662 A.2d 937, 943 (1995). "[T]he State has the burden to prove the harmlessness of an error beyond a reasonable doubt . . . ." *Id.* at 655-56, 662 A.2d at 943. The State's harmless error argument was raised for the first time at oral argument. We think it reasonable that the State be precluded from raising an issue for the first time at oral argument. A contrary holding would allow a party to wait until oral argument and then surprise opposing counsel with a new issue not previously addressed in that party's brief. We therefore do not reach the merits of this argument. *Cf. Panas v. Harakis & K-Mart Corp.*, 129 N.H. 591, 617-18, 529 A.2d 976, 992 (1987) (court will not address an issue raised for the first time on appeal in a reply brief).

*Reversed and remanded.*

All concurred.