Strafford
No. 98-385

## THE STATE OF NEW HAMPSHIRE

v.

## PAUL TUCKER

January 24, 2001

*Philip T. McLaughlin*, attorney general (*Michael A. Delaney*, attorney, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J., retired, specially assigned under RSA 490:3. The defendant, Paul Tucker, was convicted of bribery, *see* RSA 640:2 (1996), after the Superior Court (*Mohl*, J.) denied the defendant's

motion to suppress a custodial statement. The issue on appeal is whether a custodial statement, made during questioning without the benefit of *Miranda* warnings, offering a bribe to a police officer is admissible to support a bribery conviction. We affirm.

The following facts were adduced at the suppression hearing. The defendant, with a blood alcohol level of .30, was taken into protective custody after disrupting the emergency room at Frisbie Memorial Hospital at 1:30 a.m. on March 25, 1997. The defendant struggled with the police officer at the hospital and was arrested for resisting detention and assault. In the course of booking the defendant, the police officer made inquiries about the defendant's Massachusetts probation status.

The same police officer transported the defendant to an early morning arraignment approximately six to seven hours after his arrest. While waiting for the arraignment to begin, the police officer repeated some of his earlier questioning regarding the defendant's probation. The officer testified that he wanted to verify this information because of the defendant's earlier high level of intoxication and the need for accurate information to determine bail, if any, at the arraignment. Following three questions about his probation, the defendant offered the police officer "$500 to let him go." At no time prior to arraignment was the defendant informed of his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 444-45, 479 (1966).

In the context of a prosecution for bribery, the defendant contends the trial court erred when it denied his motion to suppress his statement offering a bribe because the statement was the product of custodial interrogation absent *Miranda* warnings. *See Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990); *State v. Grant-Chase*, 140 N.H. 264, 268, 665 A.2d 380, 383, *cert. denied*, 517 U.S. 1140 (1995). The trial court concluded that the "bribery statement was a spontaneous response to routine booking questions, and not the product of interrogation."

"We analyze the defendant's constitutional claims first under the New Hampshire Constitution, referencing decisions of the United States Supreme Court and other jurisdictions only for the purpose of aiding our State constitutional analysis." *State v. Marti*, 143 N.H. 608, 611, 732 A.2d 414, 417 (1999) (quotation, brackets, and ellipsis omitted). Because Part I, Article 15 of the New Hampshire Constitution provides at least the same level of protection for a defendant making a custodial statement as the United States Constitution, *see State v. Jaroma*, 137 N.H. 143, 149, 625 A.2d 1049, 1052-53 (1993); *State v. Goding*, 128 N.H. 267, 273-74, 513 A.2d 325, 330 (1986), we

do not engage in a separate federal analysis, *see State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983). We rely on factual findings made by the trial court that are not contrary to the manifest weight of the evidence and that are sufficient to support the trial court's rulings when reviewing issues related to custodial interrogation. *See State v. Guajardo*, 135 N.H. 401, 404, 605 A.2d 217, 219 (1992).

The State argues that the offer of a bribe was an independent crime not subject to the protection afforded by *Miranda, see United States v. Castro*, 723 F.2d 1527, 1530-31 (11th Cir. 1984), and that even if the trial court's *Miranda* analysis was incorrect, we should affirm the court's ruling, *see State v. Coppola*, 130 N.H. 148, 153, 536 A.2d 1236, 1239-40 (1987) (affirming based on alternative grounds for admission of statement), *rev'd on other grounds sub nom. Coppola v. Powell*, 878 F.2d 1562 (1st Cir.), *cert. denied*, 493 U.S. 969 (1989). At oral argument, the defendant objected to the State's reliance on its independent crime argument as not preserved for our review. *See State v. Santana*, 133 N.H. 798, 807-09, 586 A.2d 77, 83 (1991). In order to fully address this issue, we requested that the parties submit supplemental memoranda on whether we should consider a preservation argument raised for the first time at oral argument, *see State v. Scovill*, 144 N.H. 409, 414, 743 A.2d 303, 308 (1999) (declining to address issue raised for the first time during oral argument), and what obligation, if any, a non-appealing party has to preserve an issue for our review.

■ The defendant argues that contesting preservation is not raising a new issue within the meaning of *Scovill*; rather, it is a rebuttal to an issue raised in a responding brief and, therefore, appropriate for a reply brief, *see Panas v. Harakis & K-Mart Corp.*, 129 N.H. 591, 617-18, 529 A.2d 976, 992 (1987), or oral argument. We agree that a preservation argument is rebuttal that is appropriate for a reply brief. As a general rule, such arguments should not be raised for the first time at oral argument.

■ "At its best, oral argument forces the parties to hone those issues before the Court and allows the judges to test their tentative legal conclusions subject to counsels' guiding and correcting presence." *Dycus v. Cross*, 869 S.W.2d 745, 747 (Mo. 1994) (en banc). "There is a fundamental unfairness in not adequately and fully presenting one's position in the brief and waiting until oral argument to clarify it. Litigants are entitled to know all arguments so that they may prepare adequate responses." *Medlock v. Leathers*, 842 S.W.2d 428, 432 (Ark. 1992), *cert. denied*, 508 U.S. 960 (1993). These concerns are recognized in New Hampshire Supreme Court

Rule 18(3), which states, in part: "Oral argument shall emphasize and clarify the written argument appearing in the briefs." Such concerns, however, do not preclude us from exercising our discretion to consider preservation raised for the first time at oral argument if the circumstances justify such consideration.

Our concern that substantive arguments on issues presented for our review should be addressed in the written briefs should not be interpreted as an invitation to parties to file multiple reply briefs. *See Panas*, 129 N.H. at 617-18, 529 A.2d at 992. Rather, all of the substantive arguments known to the parties should appear at least once in the briefs so that the parties and the court may be prepared to fully discuss them during the oral presentation of the case. Because this issue was fairly before the parties in this case, we choose to exercise our discretion and address the defendant's preservation concerns.

The issue of whether the offer of a bribe was an independent crime not subject to *Miranda* was before the trial court. In the transcript from the suppression hearing the trial court refers to a brief discussion during a prehearing conference in which the independent nature of the bribe was at issue. Additionally, at one point during the hearing the trial court asked the defendant's attorney to explain how the independent act of offering a bribe was subject to *Miranda*. Therefore, whether offering a bribe was an independent crime subject to suppression under *Miranda* was presented to, and considered by, the trial court. Furthermore, this issue presents a legal question that can be answered without any additional development of the factual record in this case. Because the State's independent crime argument is preserved for our review, we do not address the parties' arguments regarding what obligation, if any, a non-appealing party has to preserve an issue for our review.

█ Even if we assume that the defendant was subject to custodial interrogation, the defendant's unsolicited offer of a bribe was an independent crime not subject to *Miranda*. The defendant's offer "was totally unresponsive to [the officer's] question[s]. It was not improperly compelled by the officer's question[s] in a custodial setting but, on the contrary, was spontaneously volunteered by [the defendant] in a deliberate attempt to commit a totally separate crime — bribery of a law enforcement official." *Castro*, 723 F.2d at 1530. "[T]here can be no objection to admitting the defendant's bribe in a subsequent prosecution for . . . bribery because no person has a constitutional right to be warned of his rights before he commits a crime." *United States v. Paskett*, 950 F.2d 705, 708 (11th

Cir. 1992) (quotations and brackets omitted). Thus, "the legal protection of *Miranda* as to the crimes for which [the defendant] was already in custody [do] not extend to a new crime committed in [an] officer's presence." *People v. Luffman,* 650 N.Y.S.2d 354, 357 (App. Div. 1996), *appeal denied,* 678 N.E.2d 507 (N.Y. 1997). Therefore, the trial court properly denied the defendant's motion to suppress his bribery statement for the purpose of prosecuting him for bribery, and we need not address the parties' remaining arguments.

*Affirmed.*

JOHNSON, J., sat for oral argument but retired prior to the final vote; THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK, J., concurred.