**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0723, <u>State of New Hampshire v. Roland Dow</u>, the court on September 28, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Roland Dow, appeals his conviction, following a jury trial in Superior Court (<u>Wageling</u>, J.), on a charge of assault by a prisoner. <u>See</u> RSA 642:9, I (2007). He contends that: (1) pursuant to the New Hampshire and Federal Constitutions, his counsel's representation of him was constitutionally deficient; and (2) the trial court erred by admitting the victim's contemporaneous written statement under New Hampshire Rule of Evidence 803(5).

The defendant argues that we can address his ineffective assistance of counsel claim on direct appeal, even though it has not yet been adjudicated in the trial court, because "all of the facts necessary to adjudicate the claim appear in the trial record." We disagree. <u>See</u> <u>State v. Thompson</u>, 161 N.H. 507, 524 (2011) (emphasizing ineffectiveness claims are almost always to be resolved in first instance by the trial court in a collateral proceeding).

The defendant's ineffective assistance claim turns on whether his trial counsel was pursuing reasonable strategies. This cannot be decided upon the face of the trial record. <u>See</u> <u>id</u>. at 527 (stating "hybrid" ineffective assistance claims regarding actions at trial that are within range of acceptable tactical choices usually necessitate factual development to show reason for act that appears in trial record). Without an additional developed record, we cannot determine whether trial counsel's challenged conduct was part of a reasonable trial strategy; accordingly, we decline to address this argument. <u>See</u> <u>State v. Scott</u>, 167 N.H. ___, ___, 117 A.3d 716, 724-25 (2015). Our ruling, however, is without prejudice to any proper collateral proceeding. <u>See</u> <u>id</u>.

We next address the admission of the victim's contemporaneous written statement. Even if we assume, without deciding, that the admission of the statement was erroneous, we conclude that any error was harmless. The State has the burden of proving harmless error, which it must do by establishing, beyond a reasonable doubt, that the erroneously admitted evidence did not affect the verdict. <u>State v. Botelho</u>, 165 N.H. 751, 756 (2013). To determine whether this standard has been met, we consider the alternative evidence presented at trial and the nature of the inadmissible evidence. <u>Id</u>. An error may be harmless

beyond a reasonable doubt if the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight and if the inadmissible evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt.  Id.

In this case, both the victim and his cellmate testified to similar accounts of the defendant's assault on the victim.  The victim and his cellmate testified that, although they got along while incarcerated, they did not maintain a friendship.  Thus, the record shows that the victim's account was corroborated by an eyewitness.  However, there was no corroboration for the defendant's claim that he did not enter the victim's cell and assault him.

Although the victim's written statement was consistent with his testimony, the defendant does not contend that it added anything substantive to it.  The cases upon which the defendant relies are not apposite.  See State v. McSheehan, 137 N.H. 180, 185 (1993) (finding error not harmless where State's case rested almost entirely on the credibility of the complaining witness and deposition admitted at trial did more than bolster her credibility); State v. Woods, 130 N.H. 721, 729 (1988) (finding error not harmless when trial court allowed three witnesses to testify to victim's consistent statements and hearsay testimony was "obviously damaging").  Accordingly, we conclude that the State has established, beyond a reasonable doubt, that admission of the victim's prior written statement did not affect the verdict.  See Botelho, 165 N.H. at 756.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**